[Civ. Nos. 25926, 25928, 25929. Second Dist., Div. Two.
Aug. 23, 1962.]

SOUTHERN PACIFIC COMPANY, Plaintiff and Appellant, v. SEABOARD MILLS et al., Defendants and Respondents.

(Three Cases.)

[Civ. No. 25927. Second Dist., Div. Two. Aug. 23, 1962.]

SOUTHERN PACIFIC COMPANY, Plaintiff and Appellant, v. GEORGE M. FISH et al., Defendants and Respondents.

*Assigned by Chairman of Judicial Council.

A. T. Suter, Frederick E. Fuhrman, E. D. Yeomans, Walt A. Steiger and John H. Gordon for Plaintiff and Appellant.

Schramm, Raddue & Seed and Edward W. Schramm for Defendants and Respondents.

HERNDON, J.—These are appeals by plaintiff in four separate actions from orders and judgments of dismissal made on motion pursuant to section 583, Code of Civil Procedure, and from an order denying a motion to vacate the judgments. The record in each is limited to the clerk's transcript. Each of the actions is based on a claim by appellant for money allegedly refunded in error to respondents. The controversies appear to have arisen as a result of the application to certain goods shipped by respondents over the rail lines of plaintiff of tariff classifications different from those which had been contemplated. The issues of fact and law are substantially identical in each action. A detailed statement of the alleged facts is contained in *Southern Pac. Co.* v. *Fish*, 166 Cal.App. 2d 353 [333 P.2d 133], which reversed a summary judgment previously granted in each of the actions.

The clerk's transcripts reflect that the suits were commenced by the filing of the complaints and issuance of summonses on the following dates: No. 25926, August 20, 1951; No. 25927, October 19, 1951; No. 25928, November 15, 1951; No. 25929, May 27, 1952. For various reasons not material to our decision, no action was taken in these proceedings by mutual consent of the parties for extended periods of time and answers were not filed until June 27, 1957.

Thereafter, proceedings were had upon a motion by respondents for summary judgment and such judgment was entered in their favor on September 19, 1957. This judgment was reversed on appeal and the cause remanded for further proceedings. (*Southern Pac. Co.* v. *Fish, supra.*) Remittitur was filed in the trial court on February 18, 1959.

On December 24, 1959, appellant filed a request for admission of facts and a response by respondents was filed January 15, 1960, with certain objections which were overruled on February 4, 1960. On February 26, 1960, appellant filed its Memorandum to Set Cause for Trial in case No. 25928. In June 1960 a further request for admission of facts and the response thereto was filed. On August 17, 1960, pretrial conference was noticed for December 16, 1960. On December 27, 1960, the parties stipulated that the actions might be consolidated for trial and pretrial conference was reset for January 31, 1961. It was held on February 7, 1961, at which time the consolidated cases were set for trial on April 10,

1961.. On March 27, 1961, respondents filed a notice to dismiss in each of the four cases, each notice stating that "said motion will be made upon the ground that said action has not been brought to trial within five years after the filing thereof and will be made and based upon this notice, all of the pleadings, records and papers on file herein and upon the Memorandum of Points and Authorities served and filed herewith." The memorandum contained only a reference to Code of Civil Procedure, section 583. Appellant filed a memorandum in opposition to the motion on April 10, 1961. An affidavit in opposition, discussed hereafter, also appears in the record.[1] On April 18, 1961, minute order and written judgment of dismissal were entered. The judgment recites that at the hearing on the motion evidence was introduced by both parties. It states as the basis for the court's order that "said action has not been brought to trial within five years after the plaintiff filed the same; that the plaintiff has failed for two years after the above-entitled action was commenced to bring said action to trial and has failed diligently to prosecute the said action. . . ."

On April 28, 1961, appellant noticed a motion "To Vacate Order and Judgment on Motion to Dismiss or in the Alternative to Reconsider said Order and Judgment." The notice states, in part: "Said motion will be made upon the ground that said Order and Judgment are void, or in the alternative was made without consideration of facts which were not presented to the Court. . . ." The memorandum of points and authorities cites sections 473 and 663 of the Code of Civil Procedure.

In the various affidavits and memoranda of points and authorities in support of the motion to vacate, the attorney for appellant asserted that he had failed to fully present to the court at the time of the hearing on the motion to dismiss certain evidentiary matters relating to the development of the case after the remittitur. He explained this oversight by stating: "These facts were not brought to the court's attention in the affidavit prepared and filed in opposition to defendants' motion to dismiss for the reason that said motion was based upon the single ground that the actions had not been brought to trial within five years and the belief that

[1]While respondent argues in his brief that this affidavit does not have a file stamp and there is no record that it was introduced in evidence, and therefore it should not be considered, we rely on the certificate of the Clerk and consider it properly a part of the record.

such facts were not pertinent to the motion. The failure to do so may be said to be the result of mistake, surprise, inadvertence or excusable neglect.'' Attached to the affidavits were copies of various correspondence had between the attorneys for the parties following the remittitur and tending to show that due diligence had been exercised in the progress of the case by both parties seeking to reduce the issues to be tried.

After a hearing at which oral and documentary evidence was introduced, the order denying the motion to vacate the judgments was entered on June 30, 1961. Appellant's assignments of error include the sufficiency of the notice of motion to dismiss as well as a number of interesting questions concerning the application of the statutory and judicially created exceptions from the statute to the facts involved in the history of this litigation. However, it appears that consideration of these questions is foreclosed by the following controlling issue.

It is appellant's contention that the actions were brought to trial within five years, and therefore the dismissal requirements of Code of Civil Procedure, section 583,[2] relating to the five-year maximum and two-year minimum periods before trial, are inapplicable. The argument is that the summary judgments (entered in favor of respondents and reversed on appeal for further proceedings) were final determinations of the actions and, as such, constituted "trials" within the meaning of section 583. We are persuaded that this argument has merit.

In *Smith* v. *City of Los Angeles*, 84 Cal.App.2d 297 [190 P.2d 943], a demurrer to a complaint was sustained without leave to amend and judgment entered dismissing the action. On appeal the judgment was reversed with directions to overrule the demurrer. Thereafter, an answer was filed and the cause set for trial. On the day of the trial, defendants moved to dismiss on the ground that the actions had not been brought to trial within five years from the date of their commencement. The motion was granted and judgment of dismissal

[2]Section 583, in pertinent part, reads: ''The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial, . . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced . . . after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended. . . .''

entered. On appeal from the judgment of dismissal, it was held that the determination of the issues of law presented by the demurrer and denial of leave to amend constituted a trial as contemplated by Code of Civil Procedure, section 583, and therefore the mandatory provisions could not be invoked.

In reaching this decision, the court relied on the definition of "trial" appearing in the case of *Tregambo* v. *Comanche M. & M. Co.,* 57 Cal. 501, 505, as follows: "A trial is the examination before a competent tribunal, according to the law of the land, of the facts or *law* put in issue in a cause for the purpose of determining such issue. When a court hears and determines any issue of fact *or of law for the purpose of determining the rights of the parties,* it may be considered a trial. (Emphasis added.)" (*Smith* v. *City of Los Angeles, supra,* pp. 301-302.)

In *Adams* v. *Superior Court,* 52 Cal.2d 867 [345 P.2d 466], an action which rejected the contention that the taking of testimony to show grounds for a continuance was a "trial" within the meaning of Code of Civil Procedure, section 583, the following definition appears (p. 870): "A 'trial' is the examination before a competent tribunal, according to the law of the land, of questions of fact or *of law put in issue by pleadings,* for the purpose of determining the rights of the parties. [Citations.]" (Emphasis added.)

By the reference to "pleadings," the latter definition appears somewhat more restrictive than that in the *Tregambo* case; however, it cites that case as authority. In any event, it is our view that the motion for summary judgment is a pleading and reference is necessarily made to other pleadings in the cause in the determination of the motion.

The court which reversed the summary judgments in the present actions, *Southern Pac. Co.* v. *Fish, supra,* 166 Cal.App. 2d 353, stated at page 358, that a summary judgment is a proceeding pursuant to section 437c of the Code of Civil Procedure ". . . which insofar as then pertinent read as follows: 'In superior courts . . . when an answer is filed in any kind of action if it is claimed that the action has no merit, on motion . . . supported by affidavit . . . the complaint may be dismissed and judgment may be entered, in the discretion of the court unless the other party, by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact.'

" 'By an unbroken line of decision in this state since the

section's original enactment . . . the principle has become well established that issue finding rather than issue determination is the pivot upon which the summary law turns' [citations]; hence, a hearing on motion for summary judgment is not a trial on the merits.''

It is to be noted that the hearing on demurrer is likewise not a trial on the merits. Nor is the sustaining of a demurrer without denying leave to amend a trial, inasmuch as no final determination is made in such case. This court so held in *Ross* v. *George Pepperdine Foundation,* 174 Cal.App.2d 135, 139 [344 P.2d 368], stating as follows: '' 'The rule is established that ''the hearing of a demurrer is not a trial, within the meaning of section 583, unless the ruling on the demurrer is a final determination of the rights of the parties.'' [Citations.]' '' In that case we also held that a summary judgment in favor of one defendant, the other defendants not being involved, did not deprive the latter of the mandatory provision of Code of Civil Procedure, section 583. Our statement that ''a summary judgment proceeding is not a trial upon the merits'' was made only in reference to that situation.

The mere hearing of a motion for summary judgment is not a partial trial because it is concerned only with issue finding. However, in the event a court finds that there are no issues of fact to be determined, it must then make a determination as to whether the uncontroverted facts justify granting of the motion in favor of the moving party. (*Desny* v. *Wilder,* 46 Cal.2d 715, 725 [299 P.2d 257]; *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 555 [122 P.2d 264]; *Southern Pac. Co.* v. *Fish, supra,* 166 Cal.App.2d 353, 358.) In *Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558 [277 P.2d 464], at page 563, the court stated the rule as follows: ''Absent a genuine issue of fact as disclosed by the affidavits, a party is not entitled to proceed to trial and the court, *applying the law to the uncontroverted material facts,* may render a summary judgment. The sole question then is, is the defendant entitled to a summary judgment on the basis of the undisputed facts in the affidavit it filed in support of its motion?'' (Emphasis added.) This determination necessarily draws into question the entire body of our substantive law, and a court may be called upon to determine important questions of law on a motion for summary judgment.

The motion for summary judgment calls for evidentiary affidavits to show whether there is any substantial proof to support the allegations of the pleading. It must be determined

on facts set forth in the affidavits. It is frequently said that an omission in an affidavit cannot be cured by resort to the pleadings (*Nini* v. *Culberg*, 183 Cal.App.2d 657, 663 [7 Cal. Rptr. 146]), but this is true only in the limited sense that an omission cannot be cured by reference to one's own pleadings. A party may by his adversary's pleadings establish facts not contained in his own affidavits. And the affidavits may not depart entirely from the issues made by the pleadings. (*Estate of Kelly*, 178 Cal.App.2d 24, 29 [2 Cal.Rptr. 834].)

This motion is distinguishable from a demurrer in that the latter is confined to the pleadings. While the demurrer questions the pleadings, the motion for summary judgment questions the proof. On the hearing of either matter, the court must assume the truth of matters stated, but the affidavits are sworn statements. Furthermore, each affidavit must affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. (Code Civ. Proc., § 437c.)

In view of the foregoing analysis, it seems unquestionable that a ''trial'' in a more fundamental sense has been accomplished on the granting of a motion for summary judgment than on the sustaining of a demurrer without leave to amend. We therefore hold that the actions here were brought to trial. Obviously, a defendant waives objection to antecedent delay by going to trial without moving to dismiss. (*Holt* v. *Pardue*, 178 Cal.App.2d 528, 533 [3 Cal.Rptr. 225].) The mandatory five-year provision of Code of Civil Procedure, section 583, applying prior to trial can have no application.

The summary judgment was entered on September 19, 1957, and remittitur was filed on February 18, 1959. The judgment was reversed and the cause remanded for further proceedings. Notice of motion to dismiss was filed March 27, 1961. More than two, but less than three, years elapsed between the going down of the remittitur and the motion to dismiss. It seems necessary to consider whether the two-year pretrial discretionary provision of Code of Civil Procedure, section 583, is applicable. The section expressly provides that when an appeal has been taken and judgment reversed with the cause remanded for a new trial, the action must be dismissed if not brought to trial within three years from the date the remittitur is filed in the trial court. No mention is made of the two-year provision in respect to delay subsequent to trial. In *Clements* v. *Ragghianti*, 155 Cal.App.2d 188 [317 P.2d 706], a case where, on appeal, it was held that the action

had been brought to trial, the court considered the question. It stated at page 191: "Counsel for respondent argues that in any event the dismissal may be supported under that portion of Code of Civil Procedure, section 583, which gives the court discretionary power to dismiss '. . . whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . .' No case has been cited authorizing the court to dismiss under this provision after the action has in fact been brought to trial and we are satisfied that such motion must be made before the action is brought to trial." This conclusion was also reached in *Mastelotto* v. *Harbor Box & Lbr. Co.*, 170 Cal.App.2d 429, 434 [338 P.2d 988]. We so hold.

 The fact that dismissal is mandatory after three years does not, however, deprive the court of the right to dismiss within a shorter time for lack of diligent prosecution. (*Cameron* v. *Cameron*, 110 Cal.App.2d 258, 260-261 [242 P.2d 408]; *Inderbitzen* v. *Lane Hospital*, 17 Cal.App.2d 103, 106 [61 P.2d 514]; see *Holt* v. *Pardue*, *supra*, 178 Cal.App. 2d 528, 533.)

However, the notice of motion in the instant case was made on the authority of Code of Civil Procedure, section 583, and respondents state in their brief that at the hearing they opened the presentation of their motion with the statement that the motion was being made "on the basis of the two-year provision of Code of Civil Procedure 583, as well as the five-year provision of Code of Civil Procedure 583." The judgment of dismissal also so provides and it is therefore clear that the dismissal was not granted under the inherent discretionary power of the court existing following the remittitur.

Since the dismissal was not granted under the inherent discretionary power of the court, we need not discuss whether a dismissal under such power would have constituted an abuse of discretion in this instance. However, even if the motion had sought to invoke the court's general powers, it should not have been granted where, as here, it was noticed for hearing only seven days before the trial date and where, as the result of the efforts of both counsel after the filing of the remittitur on the former appeal, the trial was to be limited to consideration of two questions of law. All the facts had been agreed upon at the pretrial, and the trial was scheduled for a date 60 days thereafter with a time estimate of one-half day.

The orders and judgments of dismissal are reversed and the cause remanded for further proceedings. The appeal from order denying motion to vacate becomes moot in view of our decision and is therefore dismissed.

Fox, P. J., and Ashburn, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied October 17, 1962.