[Civ. No. 54270. First Dist., Div. Two. July 7, 1982.]

SYNANON FOUNDATION, INC., Plaintiff and Appellant, v. COUNTY OF MARIN et al., Defendants and Respondents.

COUNSEL

Philip C. Bourdette and Andrew J. Weill for Plaintiff and Appellant.

George Deukmejian, Attorney General, Edward P. Hollingshead and Charles C. Kobayashi, Deputy Attorneys General, Thomas D. Bowman, County Counsel, Steven B. Bassoff, Deputy County Counsel, Douglas J. Maloney, County Counsel, and Allen A. Haim, Chief Deputy County Counsel, for Defendants and Respondents.

OPINION

**MILLER, J.**—This is an appeal by Synanon Foundation from an order granting dismissal of its action for refund of property taxes paid to Tu-

lare, Los Angeles, Alameda, and Marin Counties. The superior court granted dismissal of the complaint because the summons was not returned within one year after the commencement of the action as required by Revenue and Taxation Code section 5147.[1] Despite the mandatory language of that section, we find that the provisions of section 5147 may be waived by voluntary actions of the defendant indicating an unequivocal intent to submit the issues to a trial on the merits.

Section 5147 provides that the court, on its own motion or motion of any defendant, must dismiss an action unless the summons is issued, served and returned within one year after commencement of the action.[2] On March 14, 1978, appellant filed an action for refund of property taxes alleging that its airplanes and boats were used for religious, educational and charitable purposes and were thereby exempt from taxation. There is no question that the service of summons was made within the one-year period.[3] However, the return of summons did not occur within one year of the commencement of the action as required by section 5147. The return was not made until March 20, 1979, one year and six days after the action was filed.

All respondents answered the complaint without raising any objections to the failure of appellant to make a timely return of summons. Discovery proceeded with appellant serving respondents with interrogatories and requests for production of documents. All respondents answered these interrogatories and provided documents in response to these requests without objection to the delay in returning the summons. On October 15, 1980, appellant filed its memorandum that civil case is at issue. In that memorandum, appellant represented that "all essential

[1]Unless otherwise indicated, all further statutory references are to the Revenue and Taxation Code.

[2]Revenue and Taxation Code section 5147 states: "No such action hereafter commenced [for recovery of property taxes] shall be further prosecuted, and no further proceedings shall be had therein, and all such actions hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any defendant therein unless the summons shall have been issued and served and the return thereon made within one year after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended."

[3]Respondent County of Marin was served with the complaint and summons on March 9, 1979. Respondent County of Alameda was served on March 12, 1979. Respondents County of Tulare, County of Los Angeles and the State Board of Equalization were all served on March 13, 1979.

parties have been served with process or have appeared herein and that this case is at issue as to all such parties." No respondent raised any objection to this memorandum.

On November 21, 1980, the Marin County superior court sent notice to all parties of a trial setting conference to be held on February 4, 1981. On December 8, 1980, one year and nine months after the service of summons and almost three years after the action was filed, respondent State Board of Equalization filed a motion to dismiss the action because of appellant's failure to return the summons within one year as required by section 5147. Respondents County of Marin and County of Tulare joined in the motion. After a hearing on respondents' motion, the trial court entered an order to dismiss appellant's complaint. The court concluded that the language of section 5147 mandated a dismissal of the action, that the conduct of the respondents in filing answers and participating in discovery did not constitute a stipulation in writing that time might be extended, and that there was no conduct on the part of the respondents that would constitute an estoppel. The primary question presented for our determination is whether the trial court erred in failing to consider the doctrine of waiver as an implied exception to the one-year dismissal provision of section 5147.

We have found no case interpreting the mandatory one-year time limitation for service and return of summons set out in section 5147. However, Code of Civil Procedure section 581a, subdivision (a),[4] mandating dismissal of civil actions unless service and return is made within three years after the action is filed, contains substantially similar language. ■ Under general rules of statutory construction, we may consider the judicial interpretation of similar words used in another statute dealing with analogous subject matter. (*People* v. *Corey* (1978) 21 Cal.3d 738, 743 [147 Cal.Rptr. 639, 581 P.2d 644]; *Evartt* v. *Superior Court* (1979) 89 Cal.App.3d 795, 800 [152 Cal.Rptr. 836]; *Estate of Hoertkorn* (1979) 88 Cal.App.3d 461, 465-466 [151 Cal.Rptr. 806].) In this regard, we consider the considerable body of case law developed on the mandatory dismissal provision of Code of Civil Procedure section 581a, subdivision (a) (hereinafter section 581a) to be especially pertinent to the question before us. Neither appellant nor respondents challenge this thesis.

---

[4]Section 581a, subdivision (a) provides: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by

Section 5147 expressly creates a single statutory exception to the directive that an action must be dismissed when a plaintiff fails to serve and return the summons within one year. "[W]here the parties have filed a stipulation in writing that the time may be extended" noncompliance with the one-year time limitation will be excused. Appellant urges that the answer and response to discovery filed by respondents constitute a "written stipulation" extending the time for returning the summons.

In the early case of *Miller & Lux Inc. v. Superior Court* (1923) 192 Cal. 333, 340 [219 P. 1006], our Supreme Court considered the rationale underlying the express "written stipulation" exception set forth in Code of Civil Procedure sections 583 and 581a:[5] "The provision that a written stipulation be entered into was intended to preclude all disputes, with their attendant charges and countercharges of overreaching and unethical conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the statutory time was deliberately intended to be extended by both parties."

We cannot ascertain anything in the record before us that evidences a clear intention on the part of respondents to extend the statutory time for the return of summons. Indeed, there is nothing to indicate that respondents were even aware of section 5147 until their motion to dismiss was filed. The filing of an answer to the complaint and responding to discovery requests reflects respondents' intention to actively participate in the litigation. However, this activity falls far short of evidencing a clear and uncontrovertible intent to waive the mandatory time provisions of section 5147 undoubtedly contemplated by the Legislature in drafting this exception.

---

the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

Although respondents attach significance to the fact that section 5147 dictates that the action "must be dismissed" instead of "shall be dismissed," we read both "shall" and "must" as equally mandatory. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 66, p. 2729.)

[5]The language of the "written stipulation" exception contained in section 5147 is identical with that contained in section 581a and Code of Civil Procedure section 583. The rules governing the validity of a stipulation to extend time under section 583 are equally applicable to such a stipulation under section 581a. (*Wyoming Pacific Oil Co. v. Preston* (1958) 50 Cal.2d 736, 740 [329 P.2d 489]; *Miles & Sons, Inc. v. Superior Court* (1960) 181 Cal.App.2d 151, 153 [5 Cal.Rptr. 73].)

Since the single statutory exception to the mandate of section 5147 is inapplicable to this case, we must examine whether there exists any countervailing considerations that can defeat a mandatory dismissal of this action for noncompliance with the statutory time frame established for the return of summons. The striking metamorphosis of judicial attitude toward the parallel language of section 581a is particularly instructive in this examination.

Early cases held that this section was mandatory and jurisdictional and exceptions not expressly set out by statute were not recognized. (*Gonsalves* v. *Bank of America* (1940) 16 Cal.2d 169, 172 [105 P.2d 118]; *Cahn* v. *Jones* (1950) 101 Cal.App.2d 345, 348 [225 P.2d 570].) This rigid view of section 581a has given way to a viable body of judicially created exceptions to the mandatory directive of section 581a to be applied "'with a view of subserving, rather than defeating the ends of substantial justice.'" (*Wyoming Pacific Oil Co.* v. *Preston, supra,* 50 Cal.2d 736, 741.) Implied exceptions to the strict time limits of section 581a have been recognized where compliance with the manner of service prescribed in the statute was impossible, impracticable, or futile. (*Busching* v. *Superior Court* (1974) 12 Cal.3d 44, 53 [115 Cal.Rptr. 241, 524 P.2d 369]; *Borglund* v. *Bombardier, Ltd.* (1981) 121 Cal. App.3d 276, 279 [175 Cal.Rptr. 150].)

Until recent years, the court rejected the view that the defendant's conduct could in any way prevent dismissal under section 581a. (*Siskiyou County Bank* v. *Hoyt* (1901) 132 Cal. 81, 84 [64 P. 118]; *White* v. *Superior Court* (1899) 126 Cal. 245, 247 [58 P. 450]; *Sauer* v. *Superior Court* (1925) 74 Cal.App. 580, 584 [241 P. 570].) But *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431 [96 Cal.Rptr. 571, 487 P.2d 1211] marked a change in judicial attitude. *Tresway* clearly enunciated the rule that equitable estoppel is available to a plaintiff who has failed to comply with the requirements of section 581a in reasonable reliance upon the words or conduct of the defendant.

In applying these exceptions to the case at bar, there is no showing that it was impossible, impracticable, or futile to return the summons within one year of the commencement of the action. Furthermore, respondents' actions in participating in the litigation played no role in inducing appellant to delay the return of summons. Appellant's assertion that the provisions of section 5147 may be waived by a defendant's voluntary submission to the jurisdiction of the court for a ruling on the merits goes beyond either the statutory or judicially recognized excep-

tions to the similar mandate of section 581a.[6] But the clear tendency of the courts not to be restricted to the literal language of a similar time limitation statute suggests that appellant's contention warrants careful consideration.

The recent Supreme Court case of *Hocharian v. Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829] laid to rest the continuing judicial debate on whether the three-year time limitation for serving and returning the summons set out in section 581a is a requirement to obtain jurisdiction over the action. The court settled the question by declaring that the three-year provision, despite the mandatory language, was not jurisdictional. (*Id.*, at p. 721, fn. 3.) This signals a freer exercise of trial court discretion in preventing the unfair results often occasioned by a mechanical application of the statute. We read *Hocharian* as breathing new vitality into the admonition of *Wyoming Pacific Oil Co. v. Preston, supra*, 50 Cal.2d 736, 741, that each case is to be "decided on its own particular facts, and no fixed rule can be prescribed to guide the court in its exercise of discretionary power under all circumstances."

In the instant action, the respondents undoubtedly had the right to request that the action be dismissed on the ground that the summons had not been returned within the one-year period set out in section 5147. If the objection had been made in a timely manner,[7] the court would have had ample authority upon which to base a dismissal even in light of the fact that the respondents were served with notice of the action before the one-year period had expired. (See *Tandy Corp. v. Superior Court* (1981) 117 Cal.App.3d 911 [173 Cal.Rptr. 81]; *Kaiser Foundation Hospitals v. Superior Court* (1975) 49 Cal.App.3d 523 [122 Cal.Rptr. 432]; *Miles & Sons, Inc. v. Superior Court, supra*, 181 Cal.App.2d 151; *Frohman v. Bonelli* (1949) 91 Cal.App.2d 285 [204 P.2d 890].)

---

[6]In *Bayle-Lacoste & Co. v. Superior Court* (1941) 46 Cal.App.2d 636, 640 [116 P.2d 458] it was expressly recognized that when a defendant voluntarily becomes a party to the litigation after the five-year time period specified in Code of Civil Procedure section 583 for bringing a case to trial has run, the mandatory dismissal provision is waived. The exceptions recognized to the mandatory language of section 583 are equally applicable to section 581a. (*Wyoming Pacific Oil Co. v. Preston, supra*, 50 Cal.2d 736, 740-741; *M. Lowenstein & Sons, Inc. v. Superior Court* (1978) 80 Cal. App.3d 762, 769 [145 Cal.Rptr. 814].)

[7]It is recognized that a defendant is not required to immediately move for dismissal under the provisions of section 5147. However, we have found no reported case where

■ However by filing answers, setting forth affirmative defenses, and participating in discovery, the respondents indicated an intent to submit the issues to the court for a determination on the merits. They did not avail themselves of the rights conferred by section 5147 for almost two years until the case was clearly at issue and assigned for trial setting conference. In view of the escalating costs of conducting discovery and the increasing demands on the resources of the judiciary to efficiently process cases, the attitude of the court in *Bayle-Lacoste & Co.* v. *Superior Court, supra*, 46 Cal.App.2d 636, 645, comports with our own: "Litigants should not be permitted to inject themselves into a controversy, raise issues therein and then change position and seek to avoid the contest."

The purpose of statutory dismissal statutes like section 5147 is to "promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed." (*General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 91 [52 Cal.Rptr. 460, 416 P.2d 492].) However, the time limitation set out in section 5147 is not designed to arbitrarily ignore the actions of the parties involved, as is illustrated by the ability of the litigants to extend the statutory time by written agreement. We join with the reasoning of the court in *Holder* v. *Sheet Metal Worker's Internat. Assn.* (1981) 121 Cal.App.3d 321, 326-327 [175 Cal.Rptr. 313] in noting that "there exists no policy reason why the exceptions of waiver and estoppel should be viewed and treated in a different manner than the implied exceptions of impossibility, impracticability and futility . . . ."

■ In view of the strong public policy that litigation be disposed of on the merits rather than narrow procedural grounds (*Hocharian* v. *Superior Court, supra*, 28 Cal.3d 714, 724), we find that if the net effect of a defendant's conduct is to submit the issues for a determination on

---

the litigation progressed to such an advanced stage before a request for dismissal was made. In *Busching* v. *Superior Court, supra*, 12 Cal.3d 44 a motion to dismiss under section 581a was granted after the defendant had filed a demurrer to the complaint. *Busching* makes the broad statement that a general appearance by defendant after the three-year period specified in section 581a will not deprive a defendant of his right, under the statute, to dismissal. (*Id.*, at p. 52.) But we note *Busching* dealt solely with the question of interpreting what constitutes a general appearance for purposes of meeting the statutory exception provided in section 581a. (No similar exception appears in section 5147.) It does not purport to provide guidelines for any of the exceptions which have been created by decisional law. In other words, while the mere entry of a general appearance after the statutory time limit has expired does not prevent a defendant from seeking dismissal under the provisions of the statute, remaining in the action and proceeding to litigate the merits might.

the merits, the right to pursue a dismissal under section 5147 can be waived.

The judgment is reversed and the case remanded for trial on the merits.

Grodin, P. J., and Rouse, J., concurred.

A petition for a rehearing was denied August 6, 1982, and respondents' petition for a hearing by the Supreme Court was denied September 1, 1982.