[Civ. No. 7199. Fifth Dist. Aug. 3, 1983.]

FORD MOTOR COMPANY, Plaintiff and Appellant, v.
COUNTY OF TULARE, Defendant and Respondent.

COUNSEL

Munger, Tolles & Rickershauser, Peter R. Taft and Charles D. Siegal for Plaintiff and Appellant.

Thomas D. Bowman, County Counsel, Lita O'Neill Blatner, Assistant County Counsel, Steven B. Bassoff and Gary S. de Malignon, Deputy County Counsel, for Defendant and Respondent.

OPINION

THE COURT.*—

This is an appeal by Ford Motor Company from an order granting dismissal of its action for refund of property taxes paid to Tulare County. The superior court granted dismissal of the complaint because the summons was not returned within one year after the commencement of the action as required by Revenue and Taxation Code section 5147.[1]

Section 5147 provides that the court, on its own motion or motion of any defendant, must dismiss an action unless the summons is issued, served and returned within one year after commencement of the action.[2] On December 2, 1980, appellant filed an action for refund of property taxes on certain unfinished motor truck chassis. A summons was issued the same date. Service of summons was made by mail on December 9, 1980, and respondent returned the signed notice and acknowledgement of receipt to appellant on December 23, 1980. On December 27, 1980, respondent answered the complaint by filing a general denial.

The return of summons had not occurred by December 3, 1981. Respondent filed a motion to dismiss pursuant to section 5147 on December 14, 1981, and the motion was granted by the superior court on February 23, 1982.

---

*Before Zenovich, Acting P. J., Hanson (P. D.), J., and Woolpert, J.

[1] Unless otherwise indicated, all further statutory references are to the Revenue and Taxation Code.

[2] Section 5147, enacted in 1976 following repeal of former section 5103, states as follows: "No such action hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all such actions hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any defendant therein unless the summons shall have been issued and served and the return thereon made within one year after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended."

■ By analogizing section 5147 to Code of Civil Procedure section 581a,[3] appellant points out that were the instant case subject to the general civil litigation dismissal provisions of Code of Civil Procedure section 581a, the action would not have been subject to dismissal due to respondent's answer, i.e., general appearance, in the action. Appellant further argues that implied exceptions for waiver and estoppel precluded dismissal.

Respondent maintains the action was properly dismissed, citing the absence of the general appearance exception in the Revenue and Taxation statute. The legislative history of section 5147, which was before the court below, showed that a prior draft (and statute number) of the Revenue and Taxation statute eventually numbered 5147 contained the language of the general appearance exception found in Code of Civil Procedure section 581a. The language was eliminated when the final version of the statute was enacted.[4] Respondent argues this evinces a strong intent on the part of the Legislature that the general appearance exception not apply in tax refund actions.

We find respondent's argument persuasive. The legislative history of section 5147 reflects that the Legislature specifically rejected language which would have created a general appearance exception to the one-year service and return deadline. It cannot be argued that the omission of the general appearance exception from section 5147 was an oversight. It was intentional. ■ It is a well recognized principle of statutory construction that when the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded. (*Bott* v. *American Hydrocarbon Corporation* (5th Cir. 1972) 458 F.2d 229, 233; *City of Burbank* v. *General Electric Company* (9th Cir. 1964) 329 F.2d 825, 832; 2A

---

[3]Subdivision (a) of Code of Civil Procedure section 581a at the time of the instant proceedings stated: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended *or the party against whom the action is prosecuted has made a general appearance in the action.*" (Italics added.)

[4]See Assembly Bill No. 1985 (1975-1976 Reg. Sess.), introduced April 21, 1975 (numbered as Rev. & Tax. Code, § 5139); amended in the Assembly on June 11, 1975; amended in the Senate on August 8, 1975, and amended in the Senate on February 4, 1976 (renumbered as Rev. & Tax. Code, § 5143). Bill enacted as chapter 499, Statutes 1976, section 12, page 1242 (renumbered as Rev. & Tax. Code, § 5147).

"The history of the legislation, committee reports, other statutes in pari materia, and all related provisions of the same act must be considered in the construction of revenue laws." (3 Sands, Sutherland Stat. Const. (4th ed. 1974) Revenue Legislation, § 66.03, p. 188, fns. omitted.)

Sands, Sutherland Stat. Const. (4th ed. 1973) Intrinsic Aids, § 47.38, p. 173.)

█ As noted in an analogous situation in *Rich* v. *State Board of Optometry* (1965) 235 Cal.App.2d 591, 607 [45 Cal.Rptr. 512]: "The rejection by the Legislature of a specific provision contained in an act as originally introduced is most persuasive to the conclusion that the act should not be construed to include the omitted provision. [Citations.]" (See also *Estate of Simpson* (1954) 43 Cal.2d 594, 600 [275 P.2d 467, 47 A.L.R.2d 991]; *Hennigan* v. *United Pacific Ins. Co.* (1975) 53 Cal.App.3d 1, 8 [125 Cal.Rptr. 408]; *Topps & Trowsers* v. *Superior Court* (1973) 31 Cal.App.3d 102, 105 [107 Cal.Rptr. 60].)

Only one reported case has interpreted section 5147's mandatory one-year time limitation for service and return of summons: *Synanon Foundation, Inc.* v. *County of Marin* (1982) 133 Cal.App.3d 607 [184 Cal.Rptr. 129] (hereafter *Synanon*).

In *Synanon,* the foundation filed an action for refund of property taxes paid to four different counties. Service of summons was made almost one year after the filing but within the statutory period. However, summons was not returned until one year and six days after the action was filed. Rather than moving to dismiss at that point, the counties answered and thereafter participated in discovery (e.g., interrogatories, requests for documents). An at-issue memorandum was filed by the foundation some seven months after the counties were served. A trial setting conference was noticed. It was not until one year and nine months after the service of summons and almost three years after the action was filed that respondent State Board of Equalization filed a motion to dismiss the action because of the foundation's failure to return the summons within one year.

The Court of Appeal reversed the trial court's order dismissing the complaint. Analogizing to cases finding waiver or estoppel under Code of Civil Procedure section 581a, it reasoned that by filing answers, setting forth affirmative defenses and participating in discovery—all of which took place after the one-year period for return of service had passed—the respondents indicated an intent to submit the issues to the court for a determination on the merits. Therefore, the right to dismissal under section 5147 was deemed waived. The court emphasized the long period of delay before the state and counties moved for the dismissal.[5]

---

[5] *Synanon* notes that unlike Code of Civil Procedure section 581a, no general appearance exception exists under section 5147. (*Synanon, supra,* 133 Cal.App.3d at p. 614, fn. 7.) There is no discussion of the statutory omission as it was not pertinent to the issue before that court.

*Synanon* is distinguishable from the instant case and its rationale is inapplicable. Respondents in *Synanon* were served near the end of and answered after the one-year statutory deadline. Rather than moving to dismiss before filing an answer, they sat on their rights. In addition to answering, the counties proceeded to participate in discovery and failed to protest the filing of an at issue memorandum by the foundation. Notice of the trial setting conference had issued before the State Board of Equalization moved to dismiss almost three years after the action had been filed.

■ Respondent herein filed a prompt answer. Unlike in *Synanon,* respondent moved expeditiously to dismiss at the first opportunity. Moreover, no further action in this case of the sort found in *Synanon* is reflected in the record: no discovery, no at-issue memorandum, no scheduling of a trial setting conference.

It is worthy of note that the court in *Synanon* did *not* base its holding on the mere filing of an answer by the counties. As previously noted, the *Synanon* court emphasized the lengthy delay and the advanced stage of the *litigation* at the time the state moved to dismiss. (*Synanon, supra,* 133 Cal.App.3d at p. 614.)

We are aware of the Supreme Court's admonition in *Hocharian v. Superior Court* (1982) 28 Cal.3d 714 [170 Cal.Rptr. 190, 621 P.2d 829] that in dealing with mandatory dismissal statutes each case should be decided on its own particular facts when determining whether implied exceptions such as waiver and estoppel apply. To find a waiver or estoppel in the instant case would be to hold a waiver and/or estoppel will be found whenever an answer is filed in a property tax refund action. No conduct on the part of respondent herein otherwise supports invocation of these doctrines. Such a holding under the instant facts would amount to a judicial rewriting of the statutory exception contained in section 5147 to add as an additional exception a general appearance by a respondent. The legislative history of section 5147 establishes this is not an exception the Legislature intended in the revenue and taxation area. To so hold in this case would eviscerate the obvious legislative intent.

We therefore hold that the filing of a prompt answer to a complaint, standing alone, is not the type of conduct on the part of a defendant from which an estoppel will spring under section 5147. No conduct on the part of the respondent prevented appellant from returning service of summons for over 11 months after receiving respondent's answer. Appellant's lack

of diligence in returning the service of summons and pursuing the litigation is not attributable to respondent.[6]

■ As noted in *General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 91 [52 Cal.Rptr. 460, 416 P.2d 492], the purpose of dismissal statutes such as section 5147 is to "promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed." (See also *Synanon, supra,* 133 Cal.App.3d at p. 614.) This appears especially true in the area of property tax refunds, where the Legislature, by its statutory scheme, has determined the action should be promptly resolved. (See e.g., § 5141, requiring a suit for refund of property taxes be commenced within six months after the date the local governing body rejects such a claim and § 5146, giving hearings or trials in property refund actions precedence over all other civil actions, except actions to which special precedence is given by law, *"to the end that all such actions shall be quickly heard and determined."*) (Italics added.) The accelerated service and return period of one year and the provisions of the related statutes noted above indicate a legislative intent that the language of section 5147 be strictly applied in the absence of facts giving rise to a waiver or estoppel.

A final challenge to the court's order remains to be resolved. In its ruling the court stated section 5147 was "mandatory" and dismissed the complaint.[7] Appellant now construes such language to mean the court was not aware of and/or did not consider the equitable principles discussed above. Appellant presented its arguments incorporating analogies to dismissals under Code of Civil Procedure section 581a to the lower court in its points and authorities in opposition to the motion. We construe the court's language to mean that under the circumstances of the instant case, dismissal was "mandatory." We agree.

The judgment is affirmed.

Appellant's petition for a hearing by the Supreme Court was denied October 19, 1983.

---

[6]Failure to file an answer in the instant case might have subjected respondent to default proceedings. Further, at the time respondent filed its answer it would have had no way of knowing that 11 months later appellant would still not have complied with the mandate of section 5147. When the one-year period passed, respondent immediately filed for a dismissal.

[7]The ruling reads: "Court finds that Section 5147 of the Revenue and Taxation Code is mandatory and said Motion to dismiss is granted."