[No. AO22067. First Dist., Div. One. Sept. 1, 1983.]

CLARA COLLINS BUTLER, Plaintiff and Respondent, v.
FLOYD HATHCOAT, Defendant and Appellant.

**Counsel**

Gray, O'Brien, Sawyer, Watters & Davis, Michael G. Watters and Noreen M. Evans for Defendant and Appellant.

Gunheim & Yturbide and Brian R. Dinday for Plaintiff and Respondent.

**Opinion**

**THE COURT.**\*—On May 30, 1974, Clara Collins Butler[1] commenced her lawsuit against Floyd Hathcoat by filing her complaint for dissolution of partnership, accounting and division of partnership assets. After court trial on January 12, 1983, judgment was entered in her favor on February 8, 1983, more than eight and one-half years after the action was begun. Hathcoat appeals from the judgment entered contending that the trial court erred in failing to dismiss the action pursuant to the five-year dismissal provision of Code of Civil Procedure section 583, subdivision (b).[2] We disagree and affirm the judgment.

As previously noted, the complaint was filed May 30, 1974. The case was initially called on the short cause calendar on February 1, 1977. At that hearing, respondent Butler was represented by Joe H. Henderson, and ap-

---

\*Before Racanelli, P. J., Elkington, J., and Constine, J.†

[1]Although respondent Butler is now deceased, neither her estate nor her personal representative has been substituted as respondent on appeal.

[2]Code of Civil Procedure section 583, subdivision (b), provides: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced . . . on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

---

†Assigned by the Chairperson of the Judicial Council.

pellant was represented by Dale M. Underwood. The court made an order for an accounting; the parties stipulated to the creation of an interest-bearing trust account for partnership funds; and the cause was subject to being returned to the calendar on 10 days' notice with respect to payment for the accounting only.

The five-year period under section 583, subdivision (b), presumptively expired on May 29, 1979. On July 17, 1980, Underwood, appellant's counsel, wrote the court seeking to continue respondent's motion for sanctions. The court minutes reflect the matter was continued until August 25, 1980. On April 6, 1981, almost SEVEN years after the complaint was filed, Underwood was substituted out as appellant's attorney, and replaced by James E. Jones, Jr. Jones was replaced by Randall J. Bobus on July 3, 1981, and Bobus was subsequently replaced by A. J. DiMauro. When notice of settlement conference and trial was mailed by the court on July 26, 1982, appellant's counsel of record is shown as A. J. DiMauro. However, on October 13, 1982, appellant substituted himself in propria persona as attorney of record in place of A. J. DiMauro. There is nothing in the record to indicate that the settlement conference was not held on November 15, 1982, as scheduled.

On November 29, 1982, the matter was called for trial on the master calendar as scheduled. Respondent was represented by her present counsel, Brian Dinday, and appellant appeared in propria persona. Appellant orally sought a 30-day continuance to obtain counsel. The court noted that the case was eight years old. The following colloquy ensued:

"MR. DINDAY: IT IS. IT WAS BEGUN ONCE AND A MISTRIAL DECLARED.

"MR. HATHCOAT: IT'S BEEN EIGHT YEARS. I DON'T THINK ANOTHER FEW WEEKS WILL HURT.

"THE COURT: WHAT WOULD HAPPEN IF I SIMPLY DISMISSED IT, WHICH I HAVE AUTHORITY TO DO?

"MR. DINDAY: WELL, I BELIEVE THAT SINCE THE TRIAL HAD BEGUN ONCE THAT THE REQUIREMENTS OF THE FIVE-YEAR STATUTE HAVE BEEN MET THAT THE CASE PROCEED TO TRIAL.

"THE COURT: I DON'T KNOW WHETHER IT HAS OR NOT.

"MR. DINDAY: THERE HAVE BEEN SO MANY DELAYS, YOUR HONOR. I ONLY ASK THAT IT NOW BE SET FOR TRIAL."

Respondent's counsel agreed to the continuance, and the court instructed appellant to be in court "on January 12th, 8:30 in the morning, with an attorney or without one." When trial commenced on January 12th, appellant appeared in propria persona. After court trial, the matter was submitted. The following day, the court filed its notice of intended decision in favor of respondent. Judgment and order was entered February 8, 1983, in favor of respondent in the amount of $43,452.05, decreeing appellant had no interest in certain savings and loan trust accounts, and ordering the execution of documents necessary to transfer trust funds free of trust to respondent's counsel.

Nineteen days after the court gave notice of its intended decision, appellant's new counsel,[3] by letter to the court dated February 1, 1983, raised the section 583, subdivision (b), issue for the first time. The letter requested "the court's tentative decision be vacated as a nullity based on the court's lack of jurisdiction to proceed to trial pursuant to CCP § 583(b)." That letter asserts that appellant's former counsel, Dale Underwood, informed his present counsel that on February 1, 1977, the cause "did not actually go to trial." In response, by letter to the court dated February 4, 1982 [*sic*], respondent's counsel informed the court that respondent's former counsel had informed him the matter had proceeded to trial, and this was his first knowledge of any allegation to the contrary. The court responded by letter on February 3, 1983, suggesting that appellant bring a formal motion. On February 11, 1983, appellant moved to vacate and dismiss pursuant to section 583, subdivision (b), and raised the issues of section 583, subdivision (b), estoppel, waiver, the "misrepresentations" of November 29, 1982, and appellant's "reliance" thereon. He later amended his motion to also seek relief pursuant to Code of Civil Procedure section 473. The motions were heard on March 7, 1983, and denied. The order states in pertinent part:

"While the dismissal statute (Code of Civil Procedure § 583) is mandatory and jurisdictional in the sense that the court cannot proceed to hear and determine the case upon proper objection (but see *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 721, fn. 3 [170 Cal.Rptr. 190, 621 P.2d 829]; *Synanon Foundation, Inc.* v. *County of Marin* (1982) 133 Cal.App.3d 607, 613 [184 Cal.Rptr. 129]), the defendant may waive, or be estopped to assert, the right to a dismissal and it is waived by proceeding to trial without moving to dismiss (*Southern Pacific Co.* v. *Seaboard Mills* (1962) 207 Cal.App.2d 97, 104 [24 Cal.Rptr. 236]; *Bayle-Lacoste & Co.* v. *Superior Court* (1941) 46 Cal.App.2d 636 [116 Cal.Rptr. 458]; see *Synanon Foundation, Inc.* v. *County of Marin, supra,* 133 Cal.App.3d at pp. 614-615).

---

[3]On February 3, 1983, after trial, appellant retained the firm of Gray, O'Brien, Sawyer, Watters & Davis, which also represents him on this appeal.

"With respect to the amended motion, the court is not persuaded that there was such an excusable mistake of fact or law as to warrant relief under section 473 of the Code of Civil Procedure."

On March 15, 1983, appellant's counsel again wrote the court and suggested "the court may wish to reconsider its ruling." The letter ignores the fact that appellant was represented by the same attorney who represented him at the initial court hearing (Feb. 1, 1977) until April 6, 1981, almost two years after the expiration of the five-year period, and argues: "Plaintiff should not be allowed to take advantage of her own misrepresentations to the court by asserting that defendant waived CCP § 583(b) by proceeding to trial in 1983. Defendant, a humble layman, had no reason to dispute the word of an officer of the court, nor did the acting presiding judge. . . . Plaintiff's own wrong doing created the situation by which the case was tried more than five years after the plaintiff filed her complaint." The letter closed by requesting that the court "reconsider its ruling on our Motion to Vacate Judgment and issue an Order Vacating Judgment for plaintiff." By order filed March 22, 1983, execution of judgment was stayed to allow appellant an opportunity to file a bond on appeal.

■ Appellant contends that since trial did not commence within the five-year proscription of section 583, subdivision (b), the court had a mandatory duty to dismiss. Before addressing appellant's contention, however, we note that although appellant filed notice of appeal from the judgment entered February 8, 1983, he did not appeal from the order denying his motions. (See *County of Ventura* v. *Tillett* (1982) 133 Cal.App.3d 105 [183 Cal.Rptr. 741], hg. den., Sept. 22, 1982, cert. den., 460 U.S. 1051 [75 L.Ed.2d 929, 103 S.Ct. 1497], Mar. 28, 1983; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 91, 94, pp. 4098-4102.)

*Holder* v. *Sheet Metal Worker's Internat. Assn.* (1981) 121 Cal.App.3d 321, 325 [175 Cal.Rptr. 313], hearing denied, succinctly expresses the philosophy behind the dismissal statutes:

" 'The dismissal statutes, like statutes of limitation, "promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed. The statutes also protect defendants from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time." (*General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 91 [52 Cal.Rptr. 460, 416 P.2d 492].)' (*Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 546 [105 Cal.Rptr. 339, 503 P.2d 1347] disapproved on other grounds in *Hocharian* v. *Superior Court, supra,* 28 Cal.3d at p. 722, fn. 5.) This legislative policy, however, is tempered by judicial concern that subject to a plaintiff's exercise of reasonable dili-

gence, an action should be tried on the merits wherever possible. (*Hocharian* v. *Superior Court, supra,* 28 Cal.3d at p. 724.) Where these policies conflict, the judicial policy predominates. (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].)

"Every case must be examined on its own particular facts to assure that a dismissal of an action is consistent ' "with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice." [Citation.]' (*Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 741 [329 P.2d 489].) *Under circumstances where the mechanical application of apparent mandatory language of the five-year rule of section 583 would lead to unfair results, the courts have read into that section 'implied exceptions' in order to avoid barring a diligent plaintiff from his day in court. (Hocharian* v. *Superior Court, supra,* 28 Cal.3d at p. 721.)" (Italics added.)

*Southern Pacific Co.* v. *Seaboard Mills, supra,* 207 Cal.App.2d 97 is pertinent. The court there stated, at page 104: "Obviously, a defendant waives objection to antecedent delay by going to trial without moving to dismiss. [Citation.] The mandatory five-year provision of Code of Civil Procedure, section 583, applying prior to trial can have no application." (Hg. den.) In the instant case, appellant was not the "humble layman" his counsel on appeal seeks to portray. The record established that the complaint was filed amid allegations of his misappropriation of partnership assets; that he was represented by the same counsel who appeared at the February 1, 1977, hearing until almost two years after the period of section 583, subdivision (b), had presumptively expired; that at no time did appellant, represented by counsel, assume his proper statutory burden and initiate a motion to dismiss pursuant to section 583, subdivision (b); that appellant was represented by counsel on the date notice of settlement conference was mailed; that there is no claim of surprise or loss of witnesses; that appellant does not claim the action is unmeritorious; that when the matter was called for trial on the master calendar on November 29, 1982, appellant sought a continuance to find still another attorney to represent him; that when the court noted the case was eight years old, appellant stated: "It's been eight years. I don't think another few weeks will hurt"; that no motion to dismiss was filed until after completion of trial and the court had filed its notice of intended decision; and that the funds in question are maintained in trust accounts to be disbursed on court order; thus, if the judgment were to be reversed, the matter must be retried.

In *Synanon Foundation, Inc.* v. *County of Marin, supra,* 133 Cal.App.3d 607, another division of this court examined the mandatory time limitations

of section 5147 of the Revenue and Taxation Code.[4] When it found no case interpreting the mandatory one-year time limitation set out in section 5147, it applied the general rules of statutory construction and considered the judicial interpretation of similar words used in another statute dealing with analogous subject matter. (*Id.*, at p. 610.) It concluded: "In view of the strong public policy that litigation be disposed of on the merits rather than narrow procedural grounds (*Hocharian* v. *Superior Court, supra,* 28 Cal.3d 714, 724), we find that if the net effect of a defendant's conduct is to submit the issues for a determination on the merits, the right to pursue a dismissal . . . can be waived." (*Id.*, at pp. 614-615, hg. den., Sept. 1, 1982.) The language found in Revenue and Taxation Code section 5147 is analogous to that found in Code of Civil Procedure section 583, subdivision (b).

Where, as here, the litigation not only "progressed to such an advanced stage before a request for dismissal was made" (*Synanon Foundation, Inc.* v. *County of Marin, supra,* 133 Cal.App.3d at p. 613, fn. 7), but trial had concluded, by his failure to object in a timely manner, appellant must be deemed to have waived his right to pursue a dismissal. We discern no error in the trial court's ruling.

The judgment is affirmed.

---

[4]Revenue and Taxation Code section 5147 states: "No such action hereafter commenced [for recovery of property taxes] shall be further prosecuted, and no further proceedings shall be had therein, and all such actions hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any defendant therein unless the summons shall have been issued and served and the return thereon made within one year after the commencement of said action, except where the parties have filed stipulation in writing that the time may be extended."