TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

| | |
|---|---|
| OPINION | : |
| | : No. 91-203 |
| of | : |
| | : |
| DANIEL E. LUNGREN | : |
| Attorney General | : JUNE 4, 1991 |
| | : |
| ANTHONY S. DaVIGO | : |
| Deputy Attorney General | : |
| | : |

---

This office has been requested to grant leave to sue in quo warranto upon the following

## ISSUES OF FACT OR LAW

Does the doctrine of incompatible public offices preclude a person from holding simultaneously the appointed position of deputy district attorney of San Bernardino County, and the elected position of member of the city council of the City of Ontario in the County of San Bernardino?

## DISPOSITION

The law is settled that service on a governmental board by an attorney employed in a local nonelected position does not violate the doctrine of incompatible public offices. Since that issue does not present a substantial question of law for judicial resolution, leave to sue in quo warranto is DENIED.

## THE PARTIES

JAMES A. JORGENSEN ("relator") contends that GUS J. SCROPUS ("defendant") is unlawfully serving as a deputy district attorney of San Bernardino County.

## MATERIAL FACTS

Prior to November 1990, defendant was appointed to and assumed and now continues to occupy the position of deputy district attorney of San Bernardino County. At the general election of November 6, 1990, defendant was elected to, and has qualified and entered upon, and now continues to occupy and to exercise the privileges of the office of member of the city council of the City of Ontario in the County of San Bernardino.

ANALYSIS

In deciding whether to grant leave to sue in the name of the People of this state, we consider the following fundamental precepts which provide the basis for this analysis: leave will be granted where there is a substantial question of law or fact which requires judicial resolution, *and* where the action in quo warranto would serve the overall public interest of the People of this state. (74 Ops.Cal.Atty.Gen. 26 (1990).)

This application for leave to sue concerns the common law doctrine of incompatible public offices as applied to the positions of deputy district attorney and city council member. The doctrine prevents a person from holding simultaneously two public offices if the performance of the duties of either office could have an adverse effect on the other. (68 Ops.Cal.Atty.Gen. 337, 338-339 (1985).) In 73 Ops.Cal.Atty.Gen. 183, 183-184 (1990), we summarized in part:

> "Offices are incompatible, *in the absence of statutes suggesting a contrary result*, if there is any significant clash of duties or loyalties between the offices, if the dual office holding would be improper for reasons of public policy, or if either officer exercises a supervisory, auditory, or removal power over the other. (38 Ops.Cal.Atty.Gen. 113 (1961); see generally, People *ex rel* Chapman v. Rapsey (1940) 16 Cal.2d 636, 641-642.)" (Emphasis added.)

In this regard, Civil Code section 22.2 provides:

> "The common law of England, *so far as it is not repugnant to or inconsistent with the* Constitution of the United States, or the Constitution or *laws of this State*, is the rule of decision in all courts of this State."

See, *Fowler v. Smith* (1852) 2 Cal. 568; *American Canyon Fire Prot. Dist.* v. *County of Napa* (1983) 141 Cal.App.3d 100, 104-106; 67 Ops.Cal.Atty.Gen. 369, 379 (1984); 66 Ops.Cal.Atty.Gen. 293, 295 (1983). It must first be determined, therefore, whether the common law doctrine of incompatible public offices, insofar as it may be applicable to the facts presented, has been abrogated in material respect by the laws of this state.

We turn initially to the provisions of section 1128 of the Government Code:

> "*Service on an* appointed or *elected governmental board*, commission, committee, or other body *by an attorney employed by a local agency in a nonelective position* shall not, by itself, be deemed to be inconsistent, incompatible, in conflict with, or inimical to the duties of the attorney as an officer or employee of the local agency and *shall not result in the automatic vacation of either such office.*" (Emphasis added.)

The foregoing statute obviates the effect upon the occupation of a second public office by an attorney employed by a local agency in a nonelective position, of two distinct provisions of law which might otherwise be applicable.

The first "shall not" clause obviates the effect upon such dual occupation, by itself, of Government Code section 1126 which provides in part that ". . . a local agency officer or employee shall not engage in any employment . . . which is inconsistent, incompatible, in conflict with, or inimical to his or her duties as a local agency officer or employee . . . ." In any event, the latter statute, whether by its own terms or in conjunction with Government Code section 1128, does

not provide, even in the case of a perceived actual conflict of interest, for the automatic forfeiture of either office. (Cf. 66 Ops.Cal.Atty.Gen. 382, 386-389 (1983).)

The second "shall not" clause plainly abrogates, without exception, the effect upon such dual occupation of the common law doctrine of incompatible public offices. Specifically, the words "by itself" are not repeated in the second clause, and the omission is significant. (See, *Ford Motor Co. v. County of Tulare* (1983) 145 Cal.App.3d 691.) In 67 Ops.Cal.Atty.Gen. 347 (1984), it was determined that the offices of appointive city attorney and president of an airport authority, a joint exercise of powers agency of which the city is a member, could be held simultaneously by the same individual. In 66 Ops.Cal.Atty.Gen. 382, *supra*, it was determined that the offices of a nonelective city attorney and school district trustee could be held simultaneously by the same person. Accordingly, an automatic forfeiture of office would not occur under any circumstances. Consequently, the common law has been abrogated to the extent that it would otherwise have applied to the facts presented.

This analysis is expressly limited to the automatic forfeiture of public office. It is not suggested that the conduct of an individual in a dual capacity is not otherwise constrained by law. Government Code section 1090, for example, prohibits a public officer or employee from being financially interested in any contract made by them in their official capacity, or by any body of which they are a member, and would require abstention from participation in contracts in which defendant's financial interests would be implicated. (70 Ops.Cal.Atty.Gen. 45, 47 (1987).) Government Code section 87100 prohibits a public official from making or participating in the making of a governmental decision in which the official knows or has reason to know he has a financial interest. (*Id.*, 46.)[1]

Nevertheless, for purposes of this application for quo warranto, neither section 1090 nor 87100 of the Government Code causes a forfeiture of office. (See, 66 Ops.Cal.Atty.Gen., *supra,* 389.) In addition to prescribed statutory sanctions (Gov. Code, §§ 1097, 91000), a grand jury accusation (Gov. Code, § 3060) or recall by the electorate (Elec. Code, § 27000 *et seq*.) based upon misconduct while in office are available as appropriate remedies if the officer did not voluntarily cease one of the conflicting activities. (73 Ops.Cal.Atty.Gen. 191, 196 (1990); 70 Ops.Cal.Atty.Gen. 157, 166-167 (1987).)

It is concluded that this application for leave to sue fails to present any substantial issue of law or fact.

\* \* \* \* \*

---

[1]The general common law conflict of interest rule strictly requires public officers to avoid placing themselves in a position in which personal interest may come into conflict with their duty to the public. (*Noble* v. *City of Palo Alto* (1928) 89 Cal.App. 47, 51-52; 70 Ops.Cal.Atty.Gen. 45, 47 (1987); 46 Ops.Cal.Atty.Gen. 74, 86 (1965).) Thus, California courts have traditionally predicated conflict of interest decisions on the dual basis of statutory restrictions and public policy constraints evolved from common law principles. (*Id.* at 77.)