BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
THE HONORABLE MARGUERITE BATTERSBY, CITY PROSECUTING ATTORNEY, CITY OF ADELANTO, has requested an opinion on the following questions:
1. May a person serve simultaneously as a city council member and a deputy county counsel?
2. May a city council, one member of which is serving simultaneously as a deputy county counsel, enter into a contract with the county to obtain law enforcement services?
3. May a city council member, who is serving simultaneously as a deputy county counsel, participate in the city's contract negotiations with the county to obtain law enforcement services?
 CONCLUSIONS
1. A person may serve simultaneously as a city council member and a deputy county counsel.
2. A city council, one member of which is serving simultaneously as a deputy county counsel, may enter into a contract with the county to obtain law enforcement services, provided that the member's employment is disclosed to the council at the time of consideration of the contract and noted in its official records.
3. A city council member, who is serving simultaneously as a deputy county counsel, may participate in the city's contract negotiations with the county to obtain law enforcement services.
 ANALYSIS
We are presented with three inquiries concerning a city council member who becomes employed as a deputy county counsel. May a person hold both positions at the same time; if so, may the city contract for law enforcement services from the county; and if so, may the person with the dual positions participate in the contract negotiations?
1. Incompatible Offices Doctrine
The first question to be addressed is whether the dual positions of city council member and deputy county counsel are incompatible offices within the purview of the common law rule, applicable in California, prohibiting the holding of incompatible public offices. (See Civ. Code, § 22.2; Mott v. Horstmann (1950)36 Cal.2d 388, 391-392; Peopleex rel. Chapman v. Rapsey (1940) 16 Cal.2d 636, 640-644; Eldridge v.Sierra View Local Hospital Dist. (1990) 224 Cal.App.3d 311, 319.) We conclude that the common law prohibition is inapplicable here.
This common law rule provides that offices are incompatible if one of the offices has supervisory, auditory, or removal power over the other or if there would be any significant clash of duties or loyalties in the exercise of official duties. Only one potential significant clash of duties or loyalties is necessary to make offices incompatible. If the performance of the duties of either office could have an adverse effect on the other, the rule precludes acceptance of the second office. If the second office is accepted, such acceptance constitutes an automatic resignation from the first office. (People ex rel. Chapman v. Rapsey,supra, 16 Cal.2d at pp. 641-644; 84 Ops.Cal.Atty.Gen 91 (2001); 84 Ops.Cal.Atty.Gen. 34, 38 (2001); 83 Ops.Cal.Atty.Gen. 153, 154 (2000); 83 Ops.Cal.Atty.Gen. 53, 54 (2000); 83 Ops.Cal.Atty.Gen. 50, 51 (2000).) If one or both of the positions is one of employment, as distinguished from a public office, the rule does not apply. (80 Ops.Cal.Atty.Gen. 74, 75 (1997).)
It is clear that a member of a city council holds a public office for purposes of the common law rule. (83 Ops.Cal.Atty.Gen. 246, 247 (2000).) While we have no doubt that the position of deputy county counsel may be a public office for some purposes (see 76 Ops.Cal.Atty.Gen. 157, 160-161 (1993)), we need not determine whether it is a public office for purposes of the common law rule since the Legislature has enacted a statute that makes such determination unnecessary.
The common law prohibition against holding incompatible office may be abrogated by the Legislature for any offices that it chooses. (See Fowlerv. Smith (1852) 2 Cal. 568; 66 Ops.Cal.Atty.Gen. 293, 295 (1983).) Government Code section 1128[1] provides as follows:
"Service on an appointed or elected governmental board, commission, committee, or other body by an attorney employed by a local agency in a nonelective position shall not, by itself, be deemed to be inconsistent, incompatible, in conflict with, or inimical to the duties of the attorney as an officer or employee of the local agency and shall not result in the automatic vacation of either such office."
In 74 Ops.Cal.Atty.Gen. 86 (1991), we addressed whether a deputy district attorney could serve simultaneously as a member of a city council. In considering the effect of section 1128, we stated:
The foregoing statute obviates the effect upon the occupation of a second public office by an attorney employed by a local agency in a nonelective position, of two distinct provisions of law which might otherwise be applicable.
"The first `shall not' clause obviates the effect upon such dual occupation, by itself, of Government Code section 1126 which provides in part that ". . . a local agency officer or employee shall not engage in any employment . . . which is inconsistent, incompatible, in conflict with, or inimical to his or her duties as a local agency officer or employee. . . .' In any event, the latter statute, whether by its own terms or in conjunction with Government Code section 1128, does not provide, even in the case of a perceived actual conflict of interest, for the automatic forfeiture of either office. (Cf. 66 Ops.Cal.Atty.Gen. 382, 386-389 (1983).)
"The second "shall not' clause plainly abrogates, without exception, the effect upon such dual occupation of the common law doctrine of incompatible public offices. Specifically, the words "by itself are not repeated in the second clause, and the omission is significant. (See,Ford Motor Co. v. County of Tulare (1983) 145 Cal.App.3d 691.) In 67 Ops.Cal.Atty.Gen. 347 (1984), it was determined that the offices of appointive city attorney and president of an airport authority, a joint exercise of powers agency of which the city is a member, could be held simultaneously by the same individual. In 66 Ops.Cal.Atty.Gen. 382, supra, it was determined that the offices of a nonelective city attorney and school district trustee could be held simultaneously by the same person. Accordingly, an automatic forfeiture of office would not occur under any circumstances. Consequently, the common law has been abrogated to the extent that it would otherwise have applied to the facts presented." (Id. at pp. 88-89.)
Accordingly, applying the terms of section 1128, we conclude that a person may serve simultaneously as a city council member and a deputy county counsel.
2. Contracts Between the City and the County
The second inquiry concerns the authority of a city council, one member of which is serving simultaneously as a deputy county counsel, to enter into a contract with the county to obtain law enforcement services. We conclude that the contract may be executed by the city and the county.
Section 1090 provides in part as follows:
". . . [C]ity officers or employees shall not be financially interested in any contract made by them in their official capacity, or by any body or board of which they are members."
The prohibition of section 1090 cannot be avoided by having the board member with the financial interest abstain from participating in the making of the contract. (Fraser-Yamor Agency, Inc. v. County of DelNorte (1977) 68 Cal.App.3d 201, 211-212; 78 Ops.Cal.Atty.Gen. 362, 368 (1995).) Here, the city council member would be contracting with his employer, the county, thus coming within the general prohibition of section 1090. (See 81 Ops.Cal.Atty.Gen. 169 (1998); 58 Ops.Cal.Atty.Gen. 670 (1975).)
While section 1090 contains broad language, the Legislature has expressly defined certain financial interests as "remote interests" and "noninterests" that, if applicable, allow a contract to be executed despite section 1090's prohibition. If a "remote interest" is present, as defined in section 1091, the contract may be made if the officer (1) discloses his or her financial interest in the contract to the public agency, (2) such interest is noted in the body's official records, and (3) the officer completely abstains from any participation in the making of the contract. (See 83 Ops.Cal.Atty.Gen., supra, at p. 248; 78 Ops.Cal.Atty.Gen. 230, 235-237 (1995); 65 Ops.Cal.Atty.Gen. 305, 307 (1982).) If a "noninterest" is present, as defined in section1091.5, the contract may be made without the abstention of the officer or employee, and generally a noninterest does not require disclosure. (See City of Vernon v. Central Basin Mun. Water. Dist. (1999)69 Cal.App.4th 508, 515; 83 Ops.Cal.Atty.Gen., supra, at p. 247; 78 Ops.Cal.Atty.Gen., supra, at pp. 369-370.)
Here, subdivision (a)(9) of section 1091.5 describes as a noninterest certain government salaries and benefits:
"(a) An officer or employee shall not be deemed to be interested in a contract if his or her interest is any of the following:
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(9) That of a person receiving salary, per diem, or reimbursement for expenses from a government entity, unless the contract directly involves the department of the government entity that employs the officer or employee, provided that the interest is disclosed to the body or board at the time of consideration of the contract, and provided further that the interest is noted in its official record."
Hence, a government employee who serves on the board of another public agency is deemed not to be financially interested in a contract between the agency and his or her employer unless the contract directly involves the particular department in which he or she is employed. (78 Ops.Cal.Atty.Gen., supra, at p. 370.)[2]
With respect to the deputy county counsel in question, the provisions of subdivision (a)(9) of section 1091.5 would be applicable since the contract would not directly involve the deputy's employing unit — the county counsel's office within county government. Thus, the council member's employment with the county counsel's office may be characterized as a "noninterest" within the meaning of section1091.5, as long as proper disclosure is made and the interest noted in the council's records.
In answer to the second question, therefore, we conclude that a city council, one member of which is serving simultaneously as a deputy county counsel, may enter into a contract with the county to obtain law enforcement services, provided that the interest is disclosed to the city council at the time of consideration of the contract and noted in its official records.
3. Participation in Negotiations
We are asked finally whether the council member who is the deputy county counsel may participate in the city's contract negotiations with the county to obtain law enforcement services.[3] We conclude that the council member may participate in the negotiations.
As we have seen, section 1090 would not bar the council member from participating in the negotiations if proper disclosure is made and the interest noted in the council's records. However, another statutory scheme, the Political Reform Act of 1974 (§§ 81000-91015; "Act"), must also be considered in resolving this issue. The Act generally prohibits a public official from participating in the making of a governmental decision in which he or she has a financial interest. (See 78 Ops.Cal.Atty.Gen., supra, at p. 373; 74 Ops.Cal.Atty.Gen. 82, 86 (1991); 70 Ops.Cal.Atty.Gen. 45, 46 (1987).) Section 87100 provides:
"No public official at any level of state or local government shall make, participate in making or in any way attempt to use his official position to influence a governmental decision in which he knows or has reason to know he has a financial interest."
Section 87103 further states:
"A public official has a financial interest in a decision within the meaning of Section 87100 if it is reasonably foreseeable that the decision will have a material financial effect, distinguishable from its effect on the public generally, on the official, a member of his or her immediate family, or on any of the following:
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(c) Any source of income, except gifts or loans by a commercial lending institution made in the regular course of business on terms available to the public without regard to official status, aggregating five hundred dollars ($500) or more in value provided or promised to, received by, the public official within 12 months prior to the time when the decision is made.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
For purposes of these statutes, however, "income" does not include "[s]alary and reimbursement for expenses or per diem received from a state, local, or federal government agency. . . ." (§ 82030, subd. (b)(2).) The Fair Political Practices Commission ("Commission"), the administrative agency charged with enforcing the Act, has defined "salary" for purposes of section 82030, subdivision (b)(2) as follows:
"`Salary' from a state, local, or federal government agency means any and all payments made by a government agency to a public official, or accrued to the benefit of a public official, as considerations for the public official's services to the government agency. Such payments include wages, consultants' fees, pension benefits, health and other insurance coverage, rights to compensated vacation and leave time, free or discounted transportation, payment or indemnification of legal defense costs, and similar benefits." (Cal. Code Regs., tit. 2, § 2:18232, subd. (a).)
Hence, the city council member's salary as a deputy county counsel would not constitute "income" for purposes of section 87103, subdivision (c). (See 78 Ops.Cal.Atty.Gen., supra, at pp. 373-374; 77 Ops.Cal.Atty.Gen. 50, 51 (1994).)
Two other of the Commission's regulations merit brief mention. Section2:18703.5 of title 2 of the California Code of Regulations provides:
"A public official has an economic interest in his or her personal finances and those of his or her immediate family. A governmental decision will have an effect on this economic interest if the decision will result in the personal expenses, income, assets, or liabilities of the official or his or her immediate family increasing or decreasing."
As analyzed in discussing section 1090's language, the proposed contract between the city and the county would not "result in the personal expenses, income, assets, or liabilities of the official or his or her immediate family increasing or decreasing."
Section 2:18705.5 of title 2 of the California Code of Regulations states:
"(a) A reasonably foreseeable financial effect on a public official's personal finances is material if it is at least $250 in any 12-month period. When determining whether a governmental decision has a material financial effect on a public official's economic interest in his or her personal finances, neither a financial effect on the value of real property owned directly or indirectly by the official, nor a financial effect on the gross revenues, expenses, or value of assets and liabilities of a business entity in which the official has an investment interest shall be considered.
"(b) The financial effects of a decision which affects only the salary, per diem, or reimbursement for expenses the public official or a member of his or her immediate family receives from a federal, state, or local government agency shall not be deemed material, unless the decision is to hire, fire, promote, demote, suspend without pay or otherwise take disciplinary action with financial sanction against the official or a member of his or her immediate family, or to set a salary for the official or a member of his or her immediate family which is different from salaries paid to other employees of the government agency in the same job classification or position."
Here, the proposed contract between the city and the county would not constitute a decision "to hire, fire, promote, demote, . . . take disciplinary action with financial sanction against the official or a member of his or her immediate family," and it would not "set a salary for the official or a member of his or her immediate family which is different from salaries paid to other employees of the government agency in the same job classification or position."
Accordingly, the Act would not prohibit the city council member from participating in the making of the contract with the county for the procurement of law enforcement services. Such treatment is consistent with our analysis of section 1090 in determining that the contract would be subject to the "noninterest" provisions of section 1091.5, subdivision (a)(9).
We conclude in answer to the third question that a city council member, who is serving simultaneously as a deputy county counsel, may participate in the city's contract negotiations with the county to obtain law enforcement services.[4]
[1] All references hereafter to the Government Code are by section number only.
[2] If the contract does directly involve the particular department, subdivision (b)(13) of section 1091, defining remote interests, would allow the contract to be executed if the person abstains from participating in the making of the contract.
[3] Of course, the city council member may not serve as part of the negotiating team representing the county in the contract negotiations with the city since he would be, in effect, negotiating with himself. (Rules Prof. Conduct of State Bar, rule 3-300.)
[4] We note that the city council member may not disclose to anyone, including the county, confidential information received from the city attorney in connection with such contract negotiations where the holder of the attorney-client privilege is the city council. (See Roberts v.City of Palmdale (1993) 5 Cal.4th 363.)