[No. B061613. Second Dist., Div. Four. Aug. 5, 1993.]

HUGH BINYON, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

**COUNSEL**

Salamone & Rapp and Richard T. Ferko for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Henry G. Ullerich, Acting Assistant Attorney General, Martin H. Milas and Linda J. Vogel, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**WOODS (A. M.), P. J.**—Hugh Binyon (appellant) appeals the judgment of dismissal of his petition for writ of administrative mandamus (Code Civ. Proc., § 1094.5) for lack of prosecution.[1] Respondents are the State of California, the California State Personnel Board and Charles W. Walter (collectively, the State).

Appellant was employed as a senior special investigator with the California Department of Consumer Affairs. In October 1985, after a hearing before the State Personnel Board, he was terminated from his position. Thereafter, on May 19, 1986, appellant filed a petition for writ of mandate under section 1094.5 alleging that insufficient evidence supported his termination.

Appellant failed to serve the petition on the personnel board. The superior court file was consigned to the archives of that court. On May 28, 1991, appellant noticed the matter for a hearing on the petition on July 18, 1991, by sending a notice to "Deputy Attorney General" in Los Angeles and lodging the administrative record. Notice of hearing was not served on the State Personnel Board.

On July 18, 1991, the case was dismissed on the court's own motion for failure to bring it to trial within five years of filing. Judgment was entered on September 4, 1991. This appeal ensued. We affirm.

Appellant's single argument is that the dismissal statutes (§ 581 et seq.) do not apply to writ proceedings for administrative mandamus under section 1094.5 and, therefore, the court was without authority to dismiss his action for delay in prosecution.

Appellant maintains, correctly, that a mandamus proceeding is not an "action" but a "special proceeding" for purposes of section 583.120. Section 583.120, subdivision (a), provides: "This chapter applies to a civil action and does not apply to a special proceeding except to the extent incorporated by reference in the special proceeding." (§ 583.120, subd. (a).) "The judicial remedy of mandamus is not a civil action, but a special proceeding

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

of a civil nature, which is available for specified purposes and for which the code provides a separate procedure. [Citations.]" (*Wenzler* v. *Municipal Court* (1965) 235 Cal.App.2d 128, 131-132 [45 Cal.Rptr. 54].) **(3)** A writ of administrative mandamus provides judicial review of administrative action and is subject to the general law of mandamus. (*Anton* v. *San Antonio Community Hosp.* (1977) 19 Cal.3d 802, 803 [140 Cal.Rptr. 442, 567 P.2d 1162].)

■ The fact that a petition for administrative mandamus involves a special proceeding does not, however, place it beyond the reach of dismissal for delay in prosecution. Subdivision (b) of section 583.120 provides: "Notwithstanding subdivision (a), the court may, by rule or otherwise under inherent authority of the court, apply this chapter to a special proceeding . . . except to the extent such application would be inconsistent with the character of the special proceeding or the statute governing the special proceeding." (§ 583.120, subd. (b).) ■ It is well settled that the trial courts have the inherent authority to dismiss for delay in prosecution. (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 180, p. 488; *Holt* v. *Pardue* (1960) 178 Cal.App.2d 528, 533-534 [3 Cal.Rptr. 225]; *Romeo* v. *Snyder* (1914) 167 Cal. 216, 217-218 [138 P. 1002].) ■ Accordingly, there is no bar preventing the court from applying the dismissal statutes to administrative mandamus proceedings unless, as the statute states, such application would be inconsistent with the character of that proceeding or the statute governing it.

What is meant by this statutory limitation is illuminated by the Law Revision Commission Comment to section 583.120. The comment cites *Horney* v. *Superior Court* (1948) 83 Cal.App.2d 262 [188 P.2d 552], as an example of when section 583.120, subdivision (b), bars application of the dismissal statutes to a special proceeding.

In *Horney*, the court held that former section 581a, requiring dismissal of an action where the summons was not issued or served within specified periods of time, was not applicable to a will contest. The court observed: "A summons in a civil action issues at the whim or caprice of the plaintiff at any time within one year of the filing of the complaint, and need not be served, if issued, for three years from that date. The citation in a will contest issues forthwith upon the filing of the contest. If issued but not served, or, if served, the probate court possesses inherent power to dismiss for failure to prosecute, and this might be done in less than the three-year period prescribed by section 581a. . . . To hold that section 581a is applicable to such proceedings would be to foster and permit delay rather than prevent it." (*Horney* v. *Superior Court, supra,* 83 Cal.App.2d at p. 270.)

As another example of an application of the dismissal statutes that would be inconsistent with the statute governing the special proceeding, the comment cites Civil Code section 3147. That section provides a separate dismissal statute for actions to foreclose mechanics liens not brought to trial within two years. (Civ. Code, § 3147.) What links both examples is an underlying concern that the general dismissal statutes set forth in section 581 et seq., should not apply to special proceedings where their application would permit, rather than prevent, dilatory prosecution because of the longer time periods specified in the general dismissal statutes.

There is no specific statute that permits dismissal of an administrative mandamus proceeding for failure to prosecute and, therefore, it would not be inconsistent to apply the general dismissal statute to these proceedings. (§ 583.120, subd. (b).)[2]

Appellant, however, asserts that, because such proceedings are normally decided on the record of the administrative hearing, and no factual determinations are required, they are inconsistent with dismissal for lack of prosecution. As the Attorney General points out, however, the administrative record may be augmented with new evidence in the proceedings, so it is not accurate to say factual determinations are never involved in them. (§ 1094.5, subd. (b).) ▪ The purpose served by dismissal for dilatory prosecution is not, as appellant's underlying premise suggests, solely because of prejudice to the defendant due to fading witness memories or the dissipation of evidence.

The Supreme Court observed in *Blank* v. *Kirwan* (1985) 39 Cal.3d 311 [216 Cal.Rptr. 718, 703 P.2d 58], that " '[t]he legislative policy underlying section 583 is not grounded solely in prejudice caused by delay to a defendant. Its purpose, too, is to expedite the administration of justice by compelling every person who files an action to prosecute it with promptness and diligence.' [Citations.]" (*Id.* at p. 332, quoting *Sprajc* v. *Scandinavian Airlines System, Inc.* (1966) 240 Cal.App.2d 935, 938 [50 Cal.Rptr. 181].) This same principle of diligence is reflected in section 583.130 which states

---

[2]At argument, counsel for respondents cited us to a passage in Witkin's California Procedure as dispositive authority for the proposition that the five-year statute applies to administrative mandamus. (8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writ, § 193, pp. 785-786 ["By express cross-reference, the bulk of the Code of Civil Procedure provisions on practice are made applicable."].) Appellant submitted a letter response to this contention which we have read and considered. Section 1109 states: "Except as otherwise provided . . . , the provisions of part two of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this title [Special Proceedings]." The dismissal statute is contained in part 2 of the code and, therefore, section 1109 lends support to our conclusion. Appellant's letter brief does not persuasively argue otherwise.

in part: "It is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecution of an action . . . ." (§ 583.130.)

In the instant case, appellant filed a petition, failed even to serve it on the State, and was so dilatory in his prosecution of it that the superior court consigned the file to its archives. He offers no excuse for his "appalling lack of diligence" (*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 347 [228 Cal.Rptr. 504, 721 P.2d 590]), but simply contends, without citation to relevant authority or any analysis, that the court's inherent authority to dismiss a special proceeding for lack of diligence should apply only to proceedings that require a trial of issues. Appellant cannot file a petition for writ of administrative mandamus, then sit back for years without taking the slightest action to have it determined until it suits his convenience, and then expect that the court must hear his petition on the merits despite his lack of diligence.

The judgment is affirmed. The State to have its costs on appeal.

Epstein, J., and Soven, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied November 10, 1993.

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.