Filed 9/15/20  Howard Jarvis Taxpayers Assn. v. Dept. of Forestry CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| HOWARD JARVIS TAXPAYERS ASSN. et al., | C086660 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34201200133197CUWMGDS) |
| v. | |
| DEPARTMENT OF FORESTRY et al., | |
| Defendants and Respondents. | |

The trial court dismissed this action because it was not brought to trial within five years after it was commenced.  (Code Civ. Proc., §§ 583.310; 583.360, statutory references that follow are to the Code of Civil Procedure unless otherwise noted.)  Plaintiffs and appellants contend the trial court abused its discretion in dismissing the action because (1) dismissal was not mandatory; (2) the five-year rule does not apply here because the action is, and the trial court treated the action as, a special proceeding to which the rule does not apply, and the court should be estopped from relying on the rule;

1

(3) plaintiffs satisfied the rule by filing a motion for summary judgment before the five-year period expired; and (4) the time period was tolled for when it was impracticable for plaintiffs to move the action to trial.

We reject these arguments and affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Plaintiff Howard Jarvis Taxpayers Association and others filed this action on behalf of themselves and a class of California homeowners to challenge the validity of a "fire prevention fee" enacted by the Legislature in 2011.  The fee was adopted to fund fire prevention programs and activities of defendant California Department of Forestry and Fire Protection (Cal Fire).  (Plaintiff also sued the former California Board of Equalization, now known as the California Department of Tax and Fee Administration. That department takes no position on the case.)

Plaintiffs alleged the fire prevention fee was a tax which under Article XIII A, section 3 of the California Constitution could be enacted only by a two-thirds vote in each house of the Legislature.  The Legislature enacted the fee on majority votes. Plaintiffs sought a declaration that the fee was unconstitutional and an award of refunds to members of the class.  (The Legislature suspended collecting the fee in 2017.)

Plaintiffs filed their original complaint on October 4, 2012.  They filed a first amended complaint in March 2013 and served process on Cal Fire on March 12, 2013.  In addition to the relief mentioned above, the first amended complaint sought a peremptory writ of mandate.

The trial court in April 2013 deemed the action to be complex and transferred it to Judge Perkins, who presided over the court's complex case management calendar.  The following week, Judge Perkins found that the action "appear[ed] to be a writ" and asked the presiding judge to reassign it to a writ department.  The presiding judge on April 10, 2013, transferred the action to Judge Balonon in one of the court's writ departments.  In

2

her minute order, the presiding judge referred to the action as a petition for writ of mandate.

Still in April 2013 and after the case was transferred, Cal Fire filed a demurrer to the first amended complaint and a motion to strike some of its allegations. In July 2013, the court sustained the demurrer in part with leave to amend and granted the motion to strike in part with leave to amend.

Plaintiffs filed a second amended complaint on July 29, 2013. This complaint again included causes of action for declaratory relief, refunds, and a writ of mandate. The complaint's prayer also included a request for a writ of mandate.

On or about August 28, 2013, Cal Fire filed a demurrer and motion to strike against the second amended complaint. The trial court on December 13, 2013, sustained the demurrer in part and granted the motion to strike in part. Of relevance here, the court sustained the demurrer against the cause of action for a writ of mandate without leave to amend, but it granted the motion to strike the prayer of relief for a writ of mandate *with* leave to amend. The court stated that a writ of mandate was a remedy, not a cause of action, and the cause of action seeking the writ "relates to the appropriate remedy if the Court declares that the fee is unconstitutional." The court filed its formal order on January 17, 2014.

Also on January 17, 2014, the court transferred the action to Judge Chang in another writ department. The notice of the transfer referred to the action as a "Proceeding for Writ of Mandate and/or Prohibition" and stated the action was "exempt from the requirements of the Trial Court Delay Reduction Act and the Case Management Program" under the court's local rules. The notice also instructed the parties to "[c]ontact the clerk in the assigned department to schedule any judicial proceedings[.]"

On January 24, 2014, plaintiffs filed a third amended complaint. This complaint contained only two causes of action: (1) a request for a declaratory judgment that the fee was invalid; and (2) an action for refunds to certain class members. The plaintiffs no

3

longer sought a writ of mandate either as a separate cause of action or as a remedy in their prayer for relief.

Cal Fire filed its answer to the third amended complaint on or about February 25, 2014, approximately 17 months after plaintiffs filed their original complaint.

In May 2014, plaintiffs served special interrogatories and requests for documents. Cal Fire responded to the interrogatories and produced 12,040 pages of documents in August 2014. These special interrogatories and requests for production were the only discovery conducted in this case.

Plaintiffs contacted the trial court in late 2014 or early 2015 to schedule a hearing on a motion to certify the class. They learned that the courtroom was not available for six months. Plaintiffs filed their motion to certify the class on May 13, 2015, approximately 14 months after Cal Fire had filed its answer and two years seven months after plaintiffs filed their original complaint. The hearing on the motion was set for June 12, 2015.

To accommodate Cal Fire's counsel's planned vacation, the parties stipulated to a new hearing date of August 7, 2015. The trial court ordered the class certified on August 25, 2015.

In December 2015, plaintiffs filed a motion to approve the manner of giving notice to class members. The court granted the motion without opposition on January 29, 2016. The plaintiffs filed a declaration of compliance with the class notice requirements on April 4, 2016. By this time, three years and six months had passed since plaintiffs filed the action, and 18 months remained before the five-year period expired.

Sixteen months later, plaintiffs contacted the court on August 3, 2017, to request a hearing date on a motion for summary judgment which they intended to file. They were informed that no hearing dates were available in October or November, so they reserved the earliest available date in December.

Plaintiffs filed their motion for summary judgment on September 20, 2017. The hearing on the motion was set for December 8, 2017.

4

The five-year anniversary of this action's commencement was October 4, 2017. On October 5, 2017, Cal Fire filed a motion to dismiss the action under section 583.360 due to plaintiffs' not bringing the action to trial within five years.

The court heard the motion to dismiss at the same time it was scheduled to hear plaintiffs' motion for summary judgment. Following the hearing, the trial court granted the motion to dismiss and vacated the motion for summary judgment. The court ruled that the five-year rule applied to this case and that plaintiffs had not shown time periods when it was impossible, impracticable, or futile to bring the action to trial.

Plaintiffs appeal from the judgment of dismissal.

## DISCUSSION

### I

*Statutory Background and Standard of Review*

A plaintiff must bring its action to trial "within five years after the action is commenced against the defendant." (§ 583.310.) This statute is mandatory, and plaintiffs' assertion to the contrary is not correct. "If this deadline is not met, the action 'shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties . . . .' (§ 583.360, subd. (a).) 'The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute.' (§ 583.360, subd. (b).)" (*Gaines v. Fidelity National Title Insurance Co.* (2016) 62 Cal.4th 1081, 1089-1090 (*Gaines*).) "The five-year rule is mandatory and dismissal for noncompliance is required." (*Id.* at p. 1105.)

The five-year rule's purpose is to " 'promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed . . . [and] to protect defendants from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time.' [Citations.]" (*Moran v. Superior Court* (1983) 35 Cal.3d 229, 237.)

5

The time period is tolled under certain circumstances. In computing the time within which an action must be brought to trial, the court must exclude the time when "(a) The jurisdiction of the court to try the action was suspended[;] [¶] (b) Prosecution or trial of the action was stayed or enjoined[; or] [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." (§ 583.340.) The parties may also extend the time within which an action must be brought to trial by written stipulation or by oral agreement made in open court. (§ 583.330.)

The five-year rule generally does not apply to special proceedings. (§ 583.120, subd. (a).) However, the court under its inherent authority may apply the rule and its related statutes "to a special proceeding or part of a special proceeding except to the extent such application would be inconsistent with the character of the special proceeding or the statute governing the special proceeding." (§ 583.120, subd. (b).)

"We independently review a ruling on a motion to dismiss for failure to bring an action to trial within the five-year period provided by section 583.310 to the extent the ruling is based on an interpretation of the statute." (*Munoz v. City of Tracy* (2015) 238 Cal.App.4th 354, 358.) When construing these provisions, "the policy favoring the right of parties to make stipulations in their own interests and the policy favoring trial or other disposition of an action on the merits are generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action" except as provided by statute. (§ 583.130.)

In all other respects, the appellant bears the burden to establish the trial court abused its discretion by dismissing the action under the five-year rule. (*Sagi Plumbing v. Chartered Construction Corp.* (2004) 123 Cal.App.4th 443, 447.) "Under that standard, '[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' [Citation.]" (*Gaines, supra*, 62 Cal.4th at p. 1100, fn. omitted.)

6

II

*Special Proceeding*

Plaintiffs contend the five-year rule does not apply because this action was a special proceeding. The original, first amended, and second amended complaints sought a writ of mandate, and a writ of mandate is a special proceeding. The trial court designated the case as a writ of mandate and continued to do so in its calendaring, even on Cal Fire's motion to dismiss. Moreover, upon the court's sustaining of the demurrer to the second amended complaint, the court and Cal-Fire agreed that mandamus remained available as a remedy. Plaintiffs also claim that because they had a right to appeal the court's sustaining of the demurrer, their mandamus cause of action should be a latent claim subject to reinstatement on appeal. They argue that in any event, the trial court should be estopped from changing its classification of the case after five years had run.

Plaintiffs correctly note that a petition for a writ of mandate is a special proceeding, and special proceedings are generally not subject to the five-year rule. (*Binyon v. State of California* (1993) 17 Cal.App.4th 952, 954-955.) In excluding special proceedings from the rule's application, the Legislature was concerned that the general dismissal statutes "should not apply to special proceedings where their application would permit, rather than prevent, dilatory prosecution because of the longer time periods specified in the general dismissal statutes." (*Id*. at p. 956.)

However, while this matter may have been a special proceeding originally, it lost its status as a special proceeding upon plaintiffs' filing of their third amended complaint. The trial court had dismissed the second amended complaint's prayer for mandate relief with leave to amend, but plaintiffs abandoned the writ remedy in their third amended complaint. By substantively amending the complaint in that manner, plaintiffs abandoned the issues raised by the prior pleadings and initiated a new round of pleadings. (*Carrasco v. Craft* (1985) 164 Cal.App.3d 796, 808; see Weil & Brown, Cal. Practice

7

Guide:  Civil Procedure Before Trial (The Rutter Group 2020) ¶ 6:688.)  No latent or patent mandate claim remained upon plaintiffs' filing of their third amended complaint, and the matter became a civil action subject to the five-year dismissal rule.  (§§ 22; 583.120, subd. (a).)  Indeed, as the trial court noted, plaintiffs treated the third amended complaint as a civil action by filing a motion for summary judgment instead of noticing a hearing on the merits.  Because the action was no longer a special proceeding, the five-year dismissal rule applied.

Even if the action had remained a special proceeding, the trial court would not have abused its discretion by enforcing the five-year dismissal rule.  Section 583.120, subdivision (b) gave the court discretion to apply the five-year rule in a special proceeding except where doing so would be inconsistent with the character of the special proceeding or the statute governing the special proceeding.

Plaintiffs have not directed us to anything about the character of this action that is inconsistent with applying the dismissal statute, nor can they.  Subdivision (b) of section 583.120 "permits application of the dismissal statutes to special proceedings unless such application would increase the already applicable time limits.  (17 Cal.L.Rev.Comm. Rep. (June 1984) pp. 905, 929.)  In other words, the general dismissal statutes apply to special proceedings unless to do so would permit rather than prevent delay."  (*Oskooi v. Fountain Valley Regional Hospital* (1996) 42 Cal.App.4th 233, 238.)  As no law required plaintiffs to bring their petition for writ of mandate to a hearing in less than five years, applying the five-year rule here does not permit additional delay.

To the extent there is any inconsistency, it is remedied by statute.  Section 1109 states that the provisions of Part 2 of the Code of Civil Procedure, which include the five-year rule in section 583.310, "are applicable to and constitute the rules of practice in the proceedings mentioned in" Title 1 of part 3 of the Code of Civil Procedure unless otherwise provided.  (§ 1109.)  Title 1 of part 3 includes the procedures for writs of mandate sought under sections 1085 and 1094.5.  Thus, even though special proceedings

8

are generally exempt from the five-year rule, writs of mandate appear to be an exception to that exemption.

Plaintiffs assert that the trial court should be judicially estopped from applying the five-year rule to this action. This argument is forfeited. "The existence of an estoppel . . . is generally a question of fact and therefore is a matter to be resolved by the trial court *in the first instance*. (*Hock Investment Co. v. City and County of San Francisco* (1989) 215 Cal.App.3d 438, 449.) Plaintiffs did not assert estoppel below in their opposition to the dismissal motion. Therefore, the issue is not properly before us." (*Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1274, fn. 4, original italics.)

III

*Bringing the Action to Trial by Summary Judgment*

Plaintiffs contend that if the five-year dismissal rule applies to this action, they satisfied the rule by filing their motion for summary judgment before the five-year period expired. They assert a motion for summary judgment is in lieu of a trial, and if their motion had merit, it would have eliminated the need for a trial. They argue that, just as a trial is commenced for purposes of the dismissal statute when a jury has been impaneled or the plaintiff makes his opening statement, filing a motion for summary judgment should be entitled to the same treatment. And they add, the motion contains the plaintiffs' entire prima facie case and the evidence and argument to support the undisputed facts by which a court could dispose of the case. Plaintiffs cite no authority that directly supports their argument.

A trial within the meaning of the five-year dismissal rule " ' "is the determination of an issue of law or fact which brings the action to the stage where final disposition can be made." [Citation.]' (*Briley v. Sukoff* (1979) 98 Cal.App.3d 405, 410.) A case is brought to trial if it has been assigned to a department for trial, it is called for trial, the

9

attorneys have answered that they are ready for trial, and proceedings begin, even if the proceeding is a motion for judgment on the pleadings. (*Katleman v. Katleman* (1959) 175 Cal.App.2d 493, 496-497.) In an action tried to a jury, the action is brought to trial when the jury is impaneled and sworn. (*Hartman v. Santamarina* (1982) 30 Cal.3d 762, 765-767.)" (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 723 (*Bruns*).)

For purposes of the five-year rule, a "trial" may also include an order sustaining a demurrer without leave to amend or the grant of a summary judgment "where a judgment of dismissal ordinarily would follow as a matter of course, [citation], but it does not include an order sustaining a demurrer with leave to amend or a summary adjudication order because neither brings the action to final disposition." (*Rel v. Pacific Bell Mobile Services* (2019) 33 Cal.App.5th 882, 889; see *In re Marriage of Dunmore* (1996) 45 Cal.App.4th 1372, 1377 [grant of a motion for summary judgment on the law for lack of a triable issue of fact is a trial for purposes of the dismissal statutes]; *King v. State of California* (1970) 11 Cal.App.3d 307, 312 [grant of partial summary judgment is not a trial for purposes of the dismissal statues because it leaves the action short of the stage where final disposition could be made].)

Merely filing a motion for summary judgment cannot constitute bringing a case to trial for purposes of the five-year rule because the filing by itself does not bring the action to final disposition. It is well established " 'that issue finding rather than issue determination is the pivot upon which the summary law turns' [citations]; hence, a hearing on motion for summary judgment is not a trial on the merits. [¶] . . . [¶] The mere hearing of a motion for summary judgment is not a partial trial because it is concerned only with issue finding." (*Southern Pacific Co. v. Seaboard Mills* (1962) 207 Cal.App.2d 97, 103.)

By contrast, a summary judgment motion may bring an action to final disposition once the court finds, based on evidentiary affidavits, that there are no issues of fact to be determined and the evidence supports the complaint's allegations. At that point, the court

10

moves beyond issue finding, and it may determine the issues, apply the law, and grant the motion for summary judgment. The grant brings the case to final disposition by means of a judgment of dismissal, and thus converts the summary judgment hearing into a trial for purposes of the five-year rule. (See *Southern Pacific Co. v. Seaboard Mills, supra*, 207 Cal.App.2d at pp. 103-104.)

Here, plaintiffs had only filed their motion for summary judgment. As that filing did not by itself bring the matter to final disposition, it did not satisfy the five-year dismissal rule requiring the action be brought to trial.

IV

*Tolling of the Five-Year Period*

Plaintiffs contend the trial court abused its discretion by finding the five-year period was not tolled for significant periods of time. They argue the period was tolled for a sufficient time due to Cal Fire's delay or circumstances that made trial impractical. Specifically, they assert the time was tolled while Cal Fire filed its demurrers to the first and second amended complaints and plaintiffs filed their amended complaints. Cal Fire did not file its answer until almost a year after it was served with summons. Cal Fire's counsel also caused a two-month delay due to a vacation. Plaintiffs also claim the time was tolled when they could not obtain a courtroom for six months to certify the class, two months to obtain approval of the class notice, and two months to get a hearing on their motion for summary judgment. They assert it was impracticable to bring or move the case to trial during any of these times.

The California Supreme Court addressed this exception at length in *Gaines*. A circumstance may be excludable from the five-year period "if the circumstance makes it 'impossible, impracticable, or futile' to bring the action to trial. (§ 583.340(c); accord, *Bruns, supra*, 51 Cal.4th at p. 726.) . . . In deciding whether these exceptions are met, the court must consider ' "all the circumstances in the individual case, including the acts

11

and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case." ' (*Bruns,* at p. 730, quoting *Moran v. Superior Court,* [*supra,*] 35 Cal.3d [at p.] 238.)

" 'The question of impossibility, impracticability, or futility is best resolved by the trial court, which "is in the most advantageous position to evaluate these diverse factual matters in the first instance." [Citation.] The plaintiff bears the burden of proving that the circumstances warrant application of the . . . exception. [Citation.] . . . The trial court has discretion to determine whether that exception applies, and its decision will be upheld unless the plaintiff has proved that the trial court abused its discretion. [Citations.]' (*Bruns, supra,* 51 Cal.4th at p. 731.) . . . .

"The statute refers to excluding 'the time during which . . . [b]ringing the action to trial, for any other reason, was impossible, impracticable, or futile.' (§ 583.340(c).) The California Law Revision Commission comment to section 583.340 states: 'Under Section 583.340 the time within which an action must be brought to trial is tolled for the period of the excuse, regardless whether a reasonable time remained at the end of the period of the excuse to bring the action to trial. . . .' [Citation.] Thus, a condition of impossibility, impracticability, or futility need not take the plaintiff beyond the five-year deadline to be excluded; it will be excluded even if the plaintiff has a reasonable time remaining after the period to bring the case to trial. (*Sierra Nevada* [*Memorial-Miners Hospital, Inc. v. Superior Court* (1990)] 217 Cal.App.3d [464,] 471 [(*Sierra Nevada*)].)

"But what is meant by establishing a condition of impossibility, impracticability, or futility in the first instance? The answer depends on both the timing and nature of the interference. It is well established that ' " '[e]very period of time during which the plaintiff does not have it within his power to bring the case to trial is *not* to be excluded in making the computation.' [Citation.]" ' (*Bruns, supra,* 51 Cal.4th at p. 731, quoting *Sierra Nevada,* supra, 217 Cal.App.3d at p. 472 [italics added].) ' "Time consumed by

12

the delay caused by ordinary incidents of proceedings, like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar are not within the contemplation of these exceptions." ' (*Bruns,* at p. 731, quoting *Baccus v. Superior Court* (1989) 207 Cal.App.3d 1526, 1532; see *Bruns,* at p. 732; accord, *Crown Coach Corp. v. Superior Court* (1972) 8 Cal.3d 540, 548; *J.C. Penney* [*Co. v. Superior Court* (1959)] 52 Cal.2d [666,] 670.)  This rule reflects the Legislature's understanding that a reasonably diligent plaintiff should be able to bring the case to trial within the relatively lengthy period of five years notwithstanding such ordinary delays.  (See § 583.130 ['a plaintiff shall proceed with reasonable diligence in the prosecution of an action . . .'].)  To hold otherwise would allow plaintiffs to litigate piecemeal every period, no matter how short, in which it was literally impracticable to try the case, thus rendering the statute 'utterly indeterminate, subjective, and unadministerable.' (*Sierra Nevada,* at p. 472.)" (*Gaines, supra*, 62 Cal.4th at pp. 1100-1101.)

If the delaying circumstance occurs during a time when the posture of the case would not have allowed for the case to be tried, "courts have focused on the extent to which the conditions interfered with the plaintiff's ability to 'mov[e] the case to trial' during the relevant period.  (*De Santiago v. D & G Plumbing, Inc.* (2007) 155 Cal.App.4th 365, 371; accord, *Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 335 (*Tamburina*).)

"Additionally, when the delay involves the time necessary for the parties to conduct ordinary incidents of proceedings leading up to the trial, the interference must deprive the plaintiff of a ' "substantial portion" of the five-year period for prosecuting the lawsuit' in order to qualify as a circumstance of impracticability.  (*Tamburina, supra,* 147 Cal.App.4th at p. 335, quoting *Sierra Nevada, supra,* 217 Cal.App.3d at p. 473; see *Tamburina,* at pp. 333-334.)  This is because ordinary delays, even ones beyond the plaintiff's control, are already accounted for in the five-year period.  . . .  [Where the

13

delay was occasioned by ordinary steps in the prosecution of the action, the plaintiff must] demonstrate that the delay had a significant enough impact on the litigation to elevate it from an ordinary circumstance to a circumstance of impracticability. This determination requires a fact-specific inquiry in light of all of the circumstances in the case. (*Bruns, supra,* 51 Cal.4th at pp. 730-731.) [¶] . . . [¶]

"Additionally, case law . . . has long held that '[f]or the tolling provision of section 583.340(c) to apply, there must be "a period of impossibility, impracticability or futility, *over which plaintiff had no control,*" ' because the statute is designed to prevent *avoidable* delay. (*Sanchez v. City of Los Angeles, supra,* 109 Cal.App.4th at p. 1273, quoting *New West Fed. Savings & Loan Assn. v. Superior Court* (1990) 223 Cal.App.3d 1145, 1155; accord, *Bruns,* supra, 51 Cal.4th at p. 731; *Christin v. Superior Court* (1937) 9 Cal.2d 526, 532; *Tamburina, supra*, 147 Cal.App.4th at p. 328.)" (*Gaines, supra*, 62 Cal.4th at pp. 1101-1102, original italics.)

The trial court ruled that the grounds of impracticability cited by plaintiffs did not toll the running of the five-year period. The court found that plaintiffs' grounds "amount[ed] to ordinary delays associated with litigation, notwithstanding this matter's classification as a class action. Indeed, the facts show that Plaintiff had ample time to litigate this proceeding and bring this action to trial. In particular, until these motions, the last significant action in this litigation occurred over a year and a half ago, in January 2016, when the Court approved notice to the class. Despite this significant delay, Plaintiff does not explain why it could not have brought the matter to trial before October 4, 2017. Moreover, Plaintiff did not contact the Court to obtain a hearing on the summary judgment motion until August 3, 2017. Plaintiff could not have set a hearing on this motion until 75 days later, approximately two weeks after the five-year period for mandatory dismissal expired. (Section 437c(a)(2).)

"Thus, Plaintiff has not demonstrated that it was impossible, impracticable or futile to bring this action to trial within five years."

14

We conclude the trial court did not abuse its discretion in reaching this conclusion. Delays caused by ordinary incidents of proceedings are not within the exception, and plaintiff's claims of impracticality consisted of ordinary proceedings. (*Gains, supra*, 62 Cal.4th at p. 1101; *Tamburina, supra,* 147 Cal.App.4th at p. 329.) Demurrers, amending pleadings, counsel vacations, and busy court calendars are ordinary incidents of legal proceedings.

Moreover, except for the two-month delay for a hearing on the motion for summary judgment, the delays cited by plaintiffs occurred during the first three-and-one-half years of the five-year period. We recognize plaintiffs do not need to establish that no time remained upon the conclusion of these events, but they do have to establish that they exercised reasonable diligence in moving the case forward to trial. They have not made this showing. One-and-a-half years remained for plaintiffs to bring the case to summary judgment or trial, and plaintiffs do not assert why that was an insufficient time to do so. That the court was delayed in hearing the summary judgment motion is of little moment in this case, as plaintiffs contacted the court to schedule the hearing with less than the required 75 days remaining before the motion could be heard. Had plaintiffs met that deadline, their motion may have been heard in sufficient time.

Plaintiffs claim the trial court abused its discretion by dismissing a case that was at issue and ready for hearing and ruling on summary judgment, particularly since the court did not manage the case and move it along. Plaintiffs assert the court's only guiding policy should have been that of protecting absent members of the certified class and deciding cases on their merits instead of procedural oversights.

We remind plaintiffs that the trial court had no discretion to ignore the five-year rule despite policies favoring adjudication. It had discretion to determine whether the delaying events constituted an impracticality worthy of tolling the five-year period, but once it determined whether the time should have been tolled, the court had a mandatory duty to terminate the litigation if it found the five-year period had expired. (§ 583.360.)

15

The policy favoring disposition of an action on its merits is subject to the express statutory time limit. (§ 583.130.)

Moreover, the court did not bear the ultimate burden of watching the calendar. "The exercise of reasonable diligence requires a plaintiff to ' "keep track of the pertinent dates which are crucial to maintenance of his lawsuit, and to see that the action is brought to trial within the five-year period." ' [Citations.] The failure to monitor these dates does not constitute a cause beyond the plaintiff's control so as to trigger application of the impossible, impracticable or futile exceptions." (*Wilcox v. Ford* (1988) 206 Cal.App.3d 1170, 1175.)

## DISPOSITION

The judgment of dismissal is affirmed. Costs on appeal are awarded to Cal Fire. (Cal. Rules of Court, rule 8.278(a).)

_____

HULL, J.

We concur:

_____

BLEASE, Acting P. J.

_____

MAURO, J.

16